UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 3 0 2006
NANCY MAYER WHITTINGTON, CLERK

RE: RUSSELL E.D.ROBINSON
METROPOLITAN DETENTION CENTER
P.O. BOX, 2147
SAN JUAN, P.R. 00922-2147
USM #04776-094.

CASE NUMBER 1:06CV02050

JUDGE: Emmet G. Sullivan

vs.

CI\

DECK TYPE: FOIA/Privacy Act

DATE STAMP: ▓/▓/2006    11 38

ATTORNEY GENAERAL OF UNITED STATES
ALBERTO GONZALES, 950, PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20530-0001,
FOIA, APPEAL, OFFICE OF INFORMATION &
PRIVACY, FLAG BUILDING, SUITE, 570
WASHINGTON, D.C. 20530
--------------------------------------------/

## COMPLAINT.

COMES NOW, Plaintiff, Russell Edouard Donaldson:Robinson, (hereinafter "Robinson"), "Pro Se", most respectfully before this Honorable Court; seeking Judicial review as to certain denied, and extremely delayed, (thereby constituting effective denial), documents as requested via Freedom of Information, (FOIA), Privacy Act, (PA), USC, 5, sections 552(a), 552(b).

### FACTUAL BACKGROUND:

Since on or about September, 2005, to present, via the herein cited FOIA/PA, Plaintiff Robinson has sought these herein requested documents; that constitute, "Brady", exculpatory evidence, "Brady", impeachment material, "Giglio" violations; and material that will conclusively prove the deliberate and knowing use of perjury and manufactured testimony, in Criminal case, CR:2004-05-F-02(JTG), District court of the Virgin Islands, Division of St.Croix, Virgin Islands, of the United States.

**RECEIVED**
NOV 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1, of 5.



Said documents were sought,and assigned FOIA/PA denial/reference numbers,United States Marshal service # 2006USMS-8872;U.S. Department of justice,Drug Enforcement Administartion,FOIA/PA Appeal #06-0513; Federal Bureau of prisons,FOIA/PA appeal # 06-0476;Executive Offices of the United States Attorney Offices,FOIA/PA # 06-2539,request # 06-1715.

## JURISDICTION:

This honorable District court has jurisdiction pursuant to <u>USC 5, section 552(a)(4)(B),</u> over the parties.This Honorable Court has Jurisdiction over the action pursuant to,<u>28 USC,section,1331.</u>

## VENUE:

This Honorable District Court can entertain this action,in this venue,pursuant to,<u>5 USC,section,552(a)(4)(B).</u>

## ARGUMENT:

Plaintiff Robinson went to trial in the criminal case referenced herein;and was not afforded full and complete discovery,(none at all as to identities of "CI'S",and length of employment as "CI'S",documentation as Federal or other government "CI'S"),**Post trial**,Robinson has pieced together via independent investigation,and parts of the FBI, 302's given,**during trial**,(that Robinson only personally saw,post trial),that the trial testimony of the Government's "CI'S",and or cooperating sources was completely different to what was contained in the indictment,in excerpts of the case files that were given.(one glaring instance,is where one "CI" testified that he left the Virgin Islands on one date,and never returned,yet testified to an event alleged in the indictment to have taken place **three months after,**



the date he testified he left the Virgin islands,**Permanently**).Further, almost all of the "CI" testimony,was allegedly **during** the time they were supposedly active Government documented "CI'S";yet no documentation of these acts were ever provided.see generally,<u>**U.S. v. Blanco,**</u> **392 F.3d 382(9th Cir.2004)**,n.6("Impeachment evidence is exculpatory evidence within the meaning of "Brady""),& n.7("Brady/Giglio information includes material that bears on the credibility of a significant witnsee"),n.8("Impeachment evidence is favorable 'Brady/Giglio' material when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence.");see alo generally,<u>**Roviaro v. United States,**</u>353 US 53,1 L.Ed.2d 639,77 S.Ct.623,n.6("Once the identity of an informer is known to those who would have cause to resent his communication,the Government's privilege to withold disclosure of Informant's identity is no longer applicable.").

Robinson respectfully points out that the "facts" as developed at trial,would tend to indicate that these "CI'S" were engaged in **Undocumented,"Otherwise illegal conduct",as definmed by the "Confidential Informant Guideline Manual"**,as promulgated by the attorney General of the United States.None of this information was documented,or if so,provided in discovery.Robinson cites also <u>**United States v. Fabio Vazquez-Ochoa,**</u>(11th Cir.District court of Miami,2006,cite # unknown), wherein a New trial was just granted weeks ago after repeated Government denial of existence of a "Dual Docket sheet",in the use of Documented "CI'S". Robinson respectfully states that the requested files contain discoverable information that should have been disclosed pretrial pursuant to,the Federal Rules of Criminal Procedure,and or USC,18,section,3500(Jencks Act).All which was deliberately witheld

so as to not impeach the Government's own witnesses.See generally, **Mesarosh v. United States,** 353 US i L.Ed.2d 1,77 S.Ct.1(1956),("The dignity of the United States Government will not permit the conviction of any person on tainted testimony.This conviction is tainted,and there can be no other just result than to accord petitioners a new trial").

**CONCLUSION:**

　　As relief,Plaintiff Robinson requests,in the interest of the fair administration of Justice,and the truth,the release of all requested documents;or in the alternantive,same be released to the Honorable James T.Giles,(To be docketed as part of my criminal case file in the referenced case,to be reviewable by my standby counsel,counsel for all codefendants,and the Third Circuit Court of Appeals,pursuant to 'Counsel confidentiality' with limited revelation to clients,as specific to instant criminal case so as to facilitale filing of necessary motions;so as to protect any other investigation/s that may or may not be under way.),Chief District Court Judge,Eastern District Court of Pennsylvania,(sitting by designation),in care of the Clerk of the District court of the Virgin Islands,of the United States. Plaintiff Robinson,also requests,a hearing if necessary,and any other relief,that this Honorable court deems,Fair,just and equitable to all the parties concerned;so as to maintain the appearance of a fair and impartial adversarial process,as mandated by plaintiff Robinson's USCA,5,6,& 14,Amendments and Due process rights.Robinson requests that this motion be granted forthwith.

4,of 5.

Respectfully Submitted
and signed by,

*Russell Edouard Donaldson:Robinson, C/0,04776-014;4B,"Pro Se"*
--------------------------------------------------------------
Russell Edouard Donaldson:Robinson,C/0,04776-094;4B,"Pro Se"
Metropolitan Detention Center
P.O. Box 2147
San Juan,P.R.00922-2147:

Pursuant to USC,28,section,1746(2),This date,November,8,2006.

### CERTIFICATE OF SERVICE.

It is hereby certified that the original of this complaint was filed
with the Clerk of the District Court of the District of Columbia,at
U.S. Courthouse,333 Constitution Avenue,N.W.,Washington,D.C.20001,
this date,November,8,2006;by myself,by placement in the institution's
inmate mail receptacle,via first class mail,Certified,return receipt
# 7002 0460 0003 8795 7268. *Russell Edouard Donaldson:Robinson, C/0, 04776-014 "Pro Se"*
-----------------------------------------------------------------------------
          Russell Edouard Donaldson:Robinson,C/0,04776-094



5,of 5.