UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL E.D. ROBINSON,               ) | |
|                                                              ) | |
|     Plaintiff,                           ) | |
|                                                              ) | |
|     v.                                   ) | Civil Action No.  06-2050 (EGS) |
|                                                              ) | |
| ATTORNEY GENERAL                     ) | |
|   OF THE UNITED STATES, et al.,    ) | |
|                                                              ) | |
|     Defendants.                       ) | |
| _____) | |

**DEFENDANTS' MOTION TO CONSOLIDATE**
**BRIEFING AND FOR ENLARGEMENT OF TIME**

This matter is brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552.  By Order of the Court, defendants have until today, May 22, 2007, within which to file a dispositive motion.  Although defendants anticipated the filing of a dispositive motion today, for the reasons set forth below, are seeking to and including June 8, 2007 within which to file a consolidated opposition to plaintiff's recently filed "Special Visitation Brief Seeking Summary Judgement, Pursuant To Federal Rules of Civil Procedure, Rule 56(a)"and defendants' cross-motion for summary judgment.

    1.  By letters directed to various components of the Department of Justice (DOJ), plaintiff sought records relating to one or more third parties.  See Complaint at 2.[1]  Each

---

[1] In his complaint, plaintiff alleges that he made FOIA requests to the United States Marshal's Service (USMS), the Federal Bureau of Prisons (BOP), the Drug Enforcement Administration (DEA), and the Executive Office of United States Attorneys (EOUSA).  In fact, the appeal reference number attributed to the BOP in the complaint is incorrect; appeal number

component responded similarly declining to confirm or deny the existence of responsive records and/or claiming FOIA exemption (b)(7)(C) which exempts from disclosure records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.[2]  Plaintiff appealed from the responses he received from the FBI, EOUSA, and DEA to the Office of Information and Privacy, which affirmed.  This civil action followed.

2.  Defendants sought and were granted until today, May 22, 2007 within which to file their dispositive motion on the grounds that there exists no genuine dispute regarding the material facts and defendants are entitled to judgment as a matter of law.  However, this case involves requests that went to multiple components of the Department of Justice and while undersigned counsel was preparing defendants' filing, on May 14,

---

06-0476 pertains to the Federal Bureau of Investigation and not the BOP at all.  Moreover, there is no record of any referenced appeal of a FOIA response from the USMS, and none is set forth in plaintiff's complaint demonstrating a failure to exhaust administrative remedies as to the USMS.

[2]  Specifically, the Federal Bureau of Investigation refused to either confirm or deny the existence of any records responsive to plaintiff's request to them.  Similarly, Drug Enforcement Administration (DEA), without confirming or denying the existence of responsive records, advised the plaintiff that DEA could not process plaintiff's request without proof of the death of the third parties or their authorization for release of any records to plaintiff should such records exist.  Likewise, the Executive Office for U.S. Attorneys declined to release records to the plaintiff pursuant to FOIA exemption (b)(7)(C) which protects from disclosure records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

2007, plaintiff served his own motion for summary judgment. See Dkt # 17. Defendants' opposition is due May 29, 2007.

    3. In his motion, plaintiff makes allegations regarding the individual subjects of his FOIA requests and testimony allegedly offered by witnesses during his criminal trial. While these allegations may pertain to his anticipated post-conviction motions, they do not appear relevant to the pertinent issues in this FOIA case. Nevertheless, undersigned counsel requires some opportunity to consult with defendants before drafting a response. Additionally, as next week is a shortened work-week and in an abundance of caution, defendants request to and including June 8, 2007 to file their consolidated opposition to plaintiff's motion for summary judgment and to file their motion (now cross-motion) for summary judgment.

    4. Because plaintiff is incarcerated, and is proceeding pro se, Local Rule 7(m) does not apply to this motion, and defendant therefore has not obtained his position as to the relief requested.

    A proposed order granting the relief requested accompanies this motion.

    WHEREFORE, Defendant respectfully requests that this motion be granted.

                                Respectfully submitted,

                                  /s/
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney
                                /s/
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm E4114
555 4th Street, N.W.
Washington, D.C. 20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on May 22, 2007, plaintiff was served with a copy of the foregoing Motion for Enlargement of Time via first-class mail postage prepaid and addressed:

Russell Robinson
#04776-094
Metropolitan Detention Center
P.O. Box 2147
San Juan, PR   00922-2147

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135