UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL E.D. ROBINSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-2050 (EGS) |
| | ) |
| **ATTORNEY GENERAL** | ) |
| **OF THE UNITED STATES, et al.,** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME**

This matter is brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552. By Order of the Court, defendants have until June 14, 2007, within which to file a consolidated dispositive motion and opposition to plaintiff's motion for summary judgment. Unfortunately, despite efforts to complete the filing, defendants must hereby move for a further enlargement of time to and including July 12, 2007 to file. In support of this motion, defendants state the following.

1. By letters directed to various components of the Department of Justice (DOJ), plaintiff sought records relating to one or more third parties. See Complaint at 2. Each component responded similarly declining to confirm or deny the existence of responsive records and/or claiming FOIA exemptions, such as exemption (b)(7)(C) which exempts from disclosure records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of

the personal privacy of third parties.[1]  Plaintiff appealed from the responses he received from the FBI, EOUSA, USMS and DEA to the Office of Information and Privacy, which affirmed.  This civil action followed.

2.  Defendants sought and were granted until today, June 14, 2007 within which to file their opposition to plaintiff's dispositive motion and defendants' cross-motion for summary judgment on the grounds that there exists no genuine dispute regarding the material facts and defendants are entitled to judgment as a matter of law.

3.  As noted above, although the issues presented in this case are fairly straightforward ones,  this case involves requests that went to multiple components of the Department of Justice.  Counsel has obtained declarations and documents supporting summary judgment but still has not received the necessary declaration and exhibits from one of the four components to which plaintiff's FOIA request was sent.  Undersigned counsel requests this enlargement of time so that defendants may file one, consolidated motion and supporting memoranda with appropriate declarations rather than filing in piecemeal fashion.  Counsel believed, based on conversations with personnel at the

---

[1] Specifically, the Federal Bureau of Investigation refused to either confirm or deny the existence of any records responsive to plaintiff's request to them.  Similarly, Drug Enforcement Administration (DEA), without confirming or denying the existence of responsive records, advised the plaintiff that DEA could not process plaintiff's request without proof of the death of the third parties or their authorization for release of any records to plaintiff should such records exist.  Likewise, the Executive Office for U.S. Attorneys and the U.S. Marshals Service declined to release records to the plaintiff pursuant to FOIA exemption (b)(7)(C) which protects from disclosure records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

component that she would receive the declaration in time to submit a finished motion and memorandum in support by this date.

4. An enlargement to and including July 12, 2007 is necessary because undersigned counsel will be out of the country beginning June 17, 2007 and will not return to the Office until July 5, 2007.  Consequently, unless the agency provides the necessary declaration on Friday, June 15th, undersigned counsel will have no opportunity to prepare defendants' filing until July.  Moreover, counsel has several other filings due on Friday, June 15th including an appellate brief, a motion to dismiss, and a motion for a protective order.  The undersigned counsel has also been kept busy interviewing candidates for vacant paralegal specialist positions in the Civil Division, which is a high priority.  Counsel has three more of these interviews scheduled for June 15th.  All of these other competing demands would make it extremely difficult for defendants to file their dispositive motion and opposition to plaintiffs' motion before July 12, 2007.  Defendants regret the need for this further enlargement of time and do not anticipate the need for any additional enlargements.

4. Because plaintiff is incarcerated, and is proceeding pro se, Local Rule 7(m) does not apply to this motion, and defendant therefore has not obtained plaintiff's position as to the relief requested.

WHEREFORE, Defendant respectfully requests that this motion be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on June 14, 2007, plaintiff was served with a copy of the foregoing Motion for Enlargement of Time via first-class mail postage prepaid and addressed:

Russell Robinson
#04776-094
Metropolitan Detention Center
P.O. Box 2147
San Juan, PR   00922-2147

Pursuant to plaintiff's notice of address change filed June 14, 2007, a copy of the foregoing was also served via first-class mail postage prepaid and addressed:

Russell Robinson
SPC, C/O Post Office Box 302402
St. Thomas, USVI 00803

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135