# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RUSSELL E.D. ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  06-2050 (EGS)** |
| | ) | |
| **ATTORNEY GENERAL** | ) | |
| **OF THE UNITED STATES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, by and through their undersigned counsel, respectfully move for summary judgment pursuant to Fed. R. Civ. P. 56, on the grounds that there is no legitimate dispute about the material facts, and defendants are entitled to judgment as a matter of law.

The Court is respectfully referred to the accompanying memorandum in support of this motion as well as the statement of material facts not in dispute which cites to and includes declarations and exhibits from each defendant.

WHEREFORE, defendants ask that summary judgment be entered in their favor.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney
/s/
RUDOLPH CONTRERAS, D.C. BAR# 434122
Assistant United States Attorney

/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL E.D. ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.  06-2050 (EGS)** |
| ) | |
| **ATTORNEY GENERAL** ) | |
| **OF THE UNITED STATES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ——————————————————) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants herein oppose plaintiff's "Special Visitation Brief Seeking Summary Judgement, Pursuant To Federal Rules of Civil Procedure, Rule 56(a)" (Pltf. Motion) in which Mr. Robinson seeks an order releasing documents about third parties "as the court sees fit". Pltf. Motion at 1. More specifically, plaintiff suggests that the documents be released "in camera" to the Chief Judge of the United States Court of Appeals for the Third Circuit and other officers of the District Court of the Virgin Islands. Id. For the reasons set forth below, plaintiff's motion for summary judgment should be denied and defendants' cross-motion for summary judgment, filed contemporaneously, should be granted.

<u>BACKGROUND OF PLAINTIFF'S REQUESTS</u>

This civil action is brought pursuant to the Freedom of Information Act (FOIA), 5

U.S.C. § 552.  The material facts are not in dispute and are set forth in detail in

defendants' statement of material facts that accompanies defendants' motion for summary

judgment.  By letters directed to various components of the Department of Justice (DOJ),

specifically the Drug Enforcement Administration (DEA), the U.S. Marshals Service

(USMS), the Federal Bureau of Investigation (FBI)[1], and the Executive Office for U.S.

Attorneys (EOUSA), plaintiff sought access to various records.  In his correspondence to

the USMS, plaintiff sought records relating to himself.  His requests to the other three DOJ

components, however, requested records relating to one or more third parties that plaintiff

asserted were confidential informants associated with his criminal trial and conviction.

<u>See</u> Complaint at 2; Defendants' Statement of Material Facts (SMF) ¶¶ 1, 5 16, 21.  His

requests, however, sought documents other than transcripts or other publically available

records of his trial.  Rather plaintiff's request for information regarding the listed third

parties was broad and requested such materials as investigatory records of "Local or

Federal or International" agencies, "paperwork" regarding the named individuals, and

_____

[1]  In his Complaint at ¶ 2, plaintiff lists the numbers assigned to the administrative
appeals that are the subject of this case, including FOIA/PA appeal #06-0476.  Plaintiff alleges
that this appeal pertained to the Bureau of Prisons but that is incorrect.  FOIA/PA # 06-0476 is
the number assigned to plaintiff's administrative appeal of the FBI response to his FOIA request.
<u>See</u> SMF ¶ 3 & Exh. 1 (Declaration of Peggy L. Bellando) at ¶ 5.  Plaintiff's complaint does not
challenge any response he may have received from the BOP and accordingly, that is not
considered a part of this case and is not addressed in this motion.

"registration and evaluation records as per Department of Justice Attorney General Informant Guidelines". <u>See</u> SMF ¶¶ 1, 16, 21 (and Exh. 1, 3 & 4 cited therein).

Plaintiff's request directed to the USMS initially sought records pertaining to himself. By letter dated November 1, 2005, plaintiff requested additional information, including any and all reports/directives, orders, and authorizations compiled by the USMS Special Operations Group regarding him. The USMS processed plaintiff's request for records under the FOIA, and, of the 226 pages located, the USMS released 99 pages in full, 119 pages with redactions pursuant to FOIA exemptions (b)(2) and (b)(7)(C), withheld 4 pages in their entirety pursuant to exemption (b)(7)(C), and referred 4 pages to the Bureau of Prisons.[2] For the reasons set forth below, the USMS properly asserted these FOIA exemptions to withhold information from release to the plaintiff. Accordingly, the Court should grant the USMS summary judgment.

With regard to the FBI, DEA, and EOUSA, each component responded similarly declining to confirm or deny the existence of responsive records and/or claiming that the information was exempt from disclosure under various provisions of the FOIA. The specific responses from each component is set forth in detail in defendants' statement of material facts accompanying this motion for summary judgment. As demonstrated below and in the declarations of each of these components of the Department of Justice, their responses to plaintiff's FOIA requests was appropriate and their assertions of exemptions

---

[2] <u>See</u> ftn.1, above.

-3-

for the information requested was proper.  Accordingly, each is entitled to summary judgment in this case.

ARGUMENT

I.    STANDARD OF REVIEW

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, which provides that the "judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  Where no genuine dispute exists as to any material fact, summary judgment is required.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  *Id.* at 248.  "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that <u>there is an absence of evidence to support the non-moving party's case</u>." *Sweats Fashions, Inc. v. Pannill Knitting Company, Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987), (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (emphasis in original)).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment, the plaintiff must state specific facts or present some objective evidence that would enable the court to find he is entitled to relief.  In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a motion for summary

-4-

judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. *Id.* at 322-23.

In an opinion issued the same day as *Celotex*, the Supreme Court attempted to explain under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-50, 252. *See Johnson v. Digital Equipment Corp.*, 836 F. Supp. 14, 15 (D.D.C. 1993). In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327.

FOIA cases are typically resolved on summary judgment. *See Cooper Cameron Corp. v. Department of Labor*, 280 F.3d 539, 543 (5th Cir. 2002). To discharge its burden, the agency must prove that each document that falls within the class of requested records has either been produced, is unidentifiable, or is exempt. *See National Cable Television Ass'n, Inc. v. Federal Communications Commission*, 479 F.2d 183, 186 (D.C. Cir. 1973). In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations

describe, "the documents and the justifications for nondisclosure with reasonably specific

detail, demonstrate that the information withheld logically falls within the claimed

exemption, and are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.

Cir. 1981). *See also Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

The Court exercises *de novo* review over FOIA matters, and the burden is on the agency to

justify all nondisclosures. *See* 5 U.S.C. § 552(a)(4)(B); *Department of Justice v. Reporters*

*Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989).

II. UNITED STATES MARSHALS SERVICE

   A. USMS Conducted An Adequate Search

In responding to a FOIA request, an agency is under a duty to conduct a reasonable

search for responsive records. *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 68 (D.C. Cir.

1990); *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 337 F. Supp.2d 146, 158 (D.D.C.

2004); *Allen v. U.S. Secret Service*, 335 F. Supp.2d 95, 97 (D.D.C. 2004); *Cleary,*

*Gottlieb, Steen & Hamilton v. Dept. of Health*, 844 F. Supp. 770, 776 (D.D.C. 1993);

*Weisberg v. U.S. Dept. of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983).   The adequacy

of a search is necessarily "'dependent upon the circumstances of the case.'" *Kronberg v.*

*Department of Justice*, 875 F. Supp. 861, 869 (D.D.C. 1995) (*quoting Truitt v. Department*

*of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see also Judicial Watch, Inc.*, 337 F.

Supp.2d at 158.  "[A] search need not be perfect, only adequate, and adequacy is measured

by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).

Indeed, an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. *Oglesby*, 920 F.2d at 68. Additionally, the search standards under the FOIA do require that the agency prove that all responsive documents have been located. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. *Id.*; *see also Allen*, 335 F. Supp.2d at 99-100 (mere fact that plaintiff discovered one document from a third source that possibly should have been uncovered by the defendant agency "does not render the search process unreasonable.") The mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. *Maynard v. CIA*, 982 F.2d 546, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in

good faith." *Miller*, 779 F.2d at 1383; *Goland v. Central Intelligence Agency*, 607 F.2d

339, 352 (D.C. Cir. 1987), *cert. denied*, 445 U.S. 927 (1980).   Once the agency has

proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to the

requester to rebut the evidence by a showing of bad faith on the part of the agency.  *Miller*,

779 F.2d at 1383.  It is insufficient, however, for a requester to attempt to rebut the agency

affidavit with purely speculative claims.  *See Carney v. U.S. Department of Justice*, 19

F.3d 807, 813 (1st Cir. 1994); *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1200

(D.C. Cir. 1991).

        Here, the USMS conducted an adequate, legally sufficient search for all responsive

records.  The USMS systems of records routinely encompassed by a search for prisoner

records are the Prisoner Processing and Population Management/Prisoner Tracking System

(PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN),

JUSTICE/USM-007.  <u>See</u> Exh. 1, Declaration of William E. Bordley (Bordley Decl.),

Associate General Counsel and the FOIA/PA Officer of the USMS, ¶ 7.  Records

maintained in these systems of records are compiled for law enforcement purposes in

connection with the USMS's execution of Federal arrest warrants, investigation of fugitive

matters, and receipt, processing, transportation, and custody of federal prisoners from the

time of their arrest by a U.S. Marshal or their remand to a U.S. Marshal by the court until

the prisoner is committed by the court to the Attorney General for service of sentence,

otherwise released from custody or returned to custody of the U.S. Parole Commission or

Bureau of Prisons.  Id.; see Fed. R. Crim. P. 4, 18 U.S.C. § 566(e)(1)(B), and 28 C.F.R. § .111(a), (j), (q).  See also Bordley Decl. ¶ 8.

The WIN and PPM/PTS systems of records are exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.101(a),(o),(q). Therefore, to ensure maximum access, records in these systems of records are processed for disclosure pursuant to the Freedom of Information Act (FOIA), unless such records (or portions thereof) are exempt from disclosure under one or more FOIA exemptions.  See Exhibit 1 (Bordley Decl.) ¶ 9.

These systems of records were searched electronically by plaintiff's name and registration number as provided by plaintiff.  Id. at ¶ 10.  This search provided information regarding where to locate records and files pertaining to plaintiff.  Id.  As a result of this search, 226 records were located in the District of Puerto Rico, District of the Virgin Islands, and the Justice Prisoner and Alien Transportation System.  Id. ¶ 11.  The records were processed; 99 were released in their entirety, 119 were released with minimal redactions pursuant to FOIA exemptions (b)(2) and (b)(7)C, four were referred to the BOP, and four were withheld in their entirety pursuant to exemption (b)(7)(C).

Plaintiff, in his complaint, does not appear to contend that the USMS failed to conduct a reasonable search for responsive records, nor could he given the description of the search the USMS conducted as described above.  Accordingly, the USMS is entitled to summary judgment on this issue.

B. <u>The USMS Properly Asserted FOIA Exemption (b)(2)</u>

Section 552 (b)(2) of FOIA exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2). Exemption (b)(2) applies primarily to two categories of materials: (1) internal agency matters so routine or trivial that they could not be "subject to ... a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations.  *Dep't of Air Force v. Rose*, 425 U.S. 352, 369-70 (1976); *National Treasury Employees Union v. U.S. Customs Service*, 802 F.2d 525, 528-30 (D.C. Cir. 1986); *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1073-74 (D.C. Cir. 1981); *see also Davis v. United States Dep't of Justice*, No. 00-2457, slip op. At 8 (D.D.C. Mar. 21, 2003); *Branch v. FBI*, 658 F. Supp. 204, 208 (D.D.C. 1987);   *Scherer v. Kelley*, 584 F.2d 170, 175-76 (7th Cir. 1978).

The second category under Exemption 2, sometimes referenced in the governing case law as the "high (b)(2) category," *See Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992), exempts from mandatory disclosure documents relating to more substantive internal matters.  *Id.*  An agency is authorized to withhold documents in this category to the extent that disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions, *id*.; would disclose guidelines for law enforcement investigations; or would risk circumvention of an agency statute or impede the

effectiveness of an agency's law enforcement activities.  *See Crooker*, 670 F.2d 1051

(D.C. Cir. 1981) (*en banc*); *Hardy v. ATF*, 631 F.2d 653, 656 (9th Cir. 1980).

In this case, the USMS applied exemption (b)(2) to withhold internal agency case

numbers used by investigative agencies to link particular asset records with ongoing

investigation or litigation.  See Bordley Decl. ¶ 13.  Release of the case numbers would

enable a member of the public to ascertain the assets associated with a larger investigative

or litigative matter.  Id.  Assets seized in one area of a country might be linked through

another agency's case number to a criminal case in another.  Thus, release of federal and

state agency internal case numbers would compromise law enforcement actions in related

cases.  Id.  Accordingly, exemption (b)(2) clearly applies.

Exemption (b)(2) was also applied to withhold Vehicle Identificaiton Numbers

(VIN) associated with assets turned over to law enforcement agencies for official use.  Id.

Release of such information could pose a risk of danger to law enforcement personnel and

interfere with law enforcement efforts during undercover work.  Id.  Further, this

exemption was also applied to withhold an internal website address to Consolidated Asset

Tracking System (CATS) information.  Id.  Use of this database is restricted to

Department of Justice components and other federal agencies participating in the Asset

Forfeiture Program, and can only be accessed by those with proper authority.  Id.  Public

database disclosure of this information would aid unauthorized entry into the CATS

database and could risk circumvention of the law.  The information meets the test of

predominantly internal information supporting withholding pursuant to exemption (b)(2).

In addition, there is no legitimate public interest in disclosure of this purely internal

information.  Accordingly, USMS's application of exemption (b)(2) to withhold the

above-described information should be upheld.

### C.  The USMS Properly Applied Exemption (b)(7)(C)

Exemption (7)(C) of the FOIA exempts from mandatory disclosure information

compiled for law enforcement purposes when disclosure "could reasonably be expected to

constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  "[T]he

term 'law enforcement purpose' is not limited to criminal investigations but can also

include civil investigations and proceedings in its scope."  *Mittleman v. Office of*

*Personnel Management*, 76 F.3d 1240, 1243 (D.C. Cir. 1996), citing *Pratt v. Webster*, 673

F.2d 408, 420 n.32 (D.C. Cir. 1982).  When, however, a criminal law enforcement agency

invokes Exemption 7, it "warrants greater deference than do like claims by other

agencies."  *Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987), citing *Pratt*,

673 F.2d at 418.  A criminal law enforcement agency must simply show that "the nexus

between the agency's activity . . . and its law enforcement duties" is "'based on information

sufficient to support at least "a colorable claim" of its rationality.'"  *Keys*, 830 F.2d at 340,

quoting *Pratt*, 673 F.2d at 421.

Exemption 7(C) consistently has been held to protect the identities of suspects, confidential informants, and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. *Reporters Committee*, 489 U.S. at, 780; *Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897, 904 (D.C. Cir. 1996) (noting "'strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity'", quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990)). Indeed, an agency may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. *Reporters Committee*, 489 U.S. at 780; *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); *SafeCard Services*, 926 F.2d at 1206. Individuals who provide information to law enforcement authorities have protectable privacy interests in their anonymity. *Computer Professionals for Social Responsibility*, 72 F.3d at 904; *Farese v. U.S. Dep't of Justice*, 683 F. Supp. 273, 275 (D.D.C. 1987).

Here, the USMS applied exemption (b)(7)(C) to withhold the names, telephone numbers, and other information pertaining to USMS and/or government employees (specifically law enforcement officers), and other third-party individuals. Bordley Decl. ¶ 14-15. Release of the identity of law enforcement officers and other governmental employees could subject them to unwarranted public attention, harassment, and

-13-

annoyance, and would impair the effectiveness of these employees in carrying out their official duties and potentially cause unwarranted attention to them in their private lives. Id.  Moreover, it could possibly pose a danger to their physical safety.  Id.  Thus, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Similarly, release of the names, addresses, telephone numbers, and other information pertaining to third-party individuals could expose these individuals to unnecessary public attention, criticism, harassment and embarrassment, particularly in the association of their names in the files of a law enforcement agency.

The privacy interest protected by exemption (b)(7)(C) must be weighed against the magnitude of any recognized public interest that would be served by disclosure.  Here, plaintiff asserts that he needs the information requested to challenge his criminal conviction.  The court has consistently refused to recognize any public interest, as defined by *Reporters Committee* in disclosure to assist a convict in challenging his conviction. *See, e.g., Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002) (finding that plaintiff's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest");[3] *Taylor v. U.S. Dep't of Justice*, 257 F. Supp. 2d 101, 110 (D.D.C. 2003) (finding no public interest in disclosure of third-party information that requester asserted might assist him in challenging his conviction).

---

[3] *vacated & remanded*, 541 U.S. 970, *on remand*, 378 F.3d 1115 (D.C. Cir.) (reaffirming prior decision), *reh'g denied*, 386 F.3d 273 (D.C. Cir. 2004), *cert. denied*, 544 U.S. 983 (2005).

D.  <u>The USMS Released All Segregable Information</u>

As the description of withheld information strongly suggests, the USMS released all segregable portions of the documents responsive to plaintiff's request.   The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); <u>Mead Data Cent., Inc. v. United States Dept. of the Air Force</u>, 566 F.2d 242, 260 (D.C. Cir. 1977). The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue <u>sua</u> <u>sponte</u>." <u>Trans-Pacific Policing Agreement v. United States Customs Service</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements".  <u>Mead Data</u>, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed.  <u>Id</u>.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. <u>Armstrong v. Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir. 1996).  Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content."  <u>Mead Data</u>, 566 F.2d at 261, n.55.

In this case, the USMS sets forth the description of the information that was withheld, and a list of the documents from which the information was redacted.  It is clear

from the decriptions of names, addresses, and the like that no further information could be segregated consistent with the information to be protected.  Accordingly, USMS has met its burden with regard to segregability.

In summary, the USMS released the vast majority of the information located through its search of its records systems likely to have information responsive to plaintiff's requests.  The information withheld properly falls within FOIA exemptions (b)(2) and (b)(7)(C).  Accordingly, the court should grant the motion for summary judgment as to the USMS.

III.  THE FBI, EOUSA, AND DEA PROPERLY RESPONDED TO PLAINTIFF'S REQUEST FOR RECORDS REGARDING THIRD-PARTIES

A.  The Glomar Response

Except where the third party subject is deceased or provides a written waiver of his privacy rights, government agencies are prohibited by the Privacy Act to provide information relating to third parties.  *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 757 (1989); *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir.1991).  In response to requests for information on third parties for whom the requester does not provide a release or proof of death, law enforcement agencies typically respond by neither confirming nor denying the existence of responsive records as even to acknowledge that such information exists could constitute an unwarranted invasion of their personal privacy pursuant to FOIA exemptions (b)(6) and (b)(7)(C).

-16-

For considerable time, courts have recognized this response as an appropriate and acceptable means of protecting the privacy of those who are in fact the subject of, or in some fashion mentioned in, law enforcement and investigatory files.  Phillippi v. CIA, 655 F.2d 1325 (D.C. Cir. 1981) (Glomar response); Antonelli v. FBI, 721 F.2d 615, 617 (7th Cir. 1983) (deciding that "Glomar" response is appropriate for third-party requests when requester has identified no public interest in disclosure).  Indeed, courts have endorsed the Glomar response by an agency in a variety of law enforcement situations: for instance, this response was found appropriate when responding to requests for documents regarding alleged government informants, *see, e.g., Butler*, 2006 U.S. Dist. LEXIS 40942 (finding that agency properly refused to confirm or deny the existence of records pertaining to alleged DEA informants); *Flores v. U.S. Dep't of Justice*, No. 03-2105, slip op. at 4-5 (D.D.C. Feb. 7, 2005) (finding that agency properly gave Glomar response to third-party request for information on private individuals and alleged informants); *Tanks*, 1996 U.S. Dist. LEXIS 7266, at *12-13 (permitting FBI to refuse to confirm or deny existence of any law enforcement records, unrelated to requester's case, concerning informants who testified against requester), and trial witnesses, *see, e.g., Oguaju*, 288 F.3d at 451 (approving use of Glomar response for a third-party request for information on an individual who testified at the requester's trial).

Here, the FBI, EOUSA, and DEA neither confirmed nor denied the existence of records responsive to plaintiff's FOIA requests for records regarding third-party

-17-

individuals.  *See* Little Decl. ¶¶ 14, 38-42 (DEA); Bellando Decl. ¶¶ 11-12 (FBI);

Kornmeier Decl. ¶¶ 5 (EOUSA).  In all three cases, it is beyond dispute that plaintiff

sought law enforcement and investigatory information regarding the third-parties whom

plaintiff asserted were confidential informants.  The Glomar response under these

circumstances falls comfortably within the case law cited above.

### B.  Alternatively, Other FOIA Exemptions Apply

Alternatively, exemptions (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(F) would be

applicable to some or all of the requested records should they exist.  *See* Little Decl. ¶¶ 30-

37; Bellando Decl. ¶¶ 10-12; Kornmeier Decl. ¶¶ 7-5.

Exemption 6 of the FOIA protects "personnel and medical files and similar files the

disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

5 U.S.C. § 552(b)(6).  "The Supreme Court has interpreted the phrase 'similar files' to

include all information that applies to a particular individual."  *Lepelletier*, 164 F.3d at 46,

(emphasis supplied), quoting *Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602

(1982).  The Court has also emphasized that "both the common law and the literal

understanding of privacy encompass the individual's control of information concerning his

or her person."  *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*,

489 U.S. 749, 763 (1989).  Clearly, plaintiff's request for records pertaining to the third

parties he asserts were confidential informants falls within "similar files" for purposes of

exemption (b)(6).  Moreover, release of the information plaintiff seeks, including any files

indicating that the individuals were the subject of investigation by any law enforcement agency, evaluations of these third parties as informants, and all case files including any agreements or deferred prosecutions, would constitute a clearly unwarranted invasion of their personal privacy.  As discussed above, plaintiff has advanced no recognized public interest that would outweigh the protection of the privacy interests at stake.  Accordingly, even in the absence of the agencies' refusal to confirm or deny the existence of responsive records, exemption (b)(6) would apply.

Similarly, as set forth above, third-parties who are the subject of or are mentioned in law enforcement and investigatory files have a recognized privacy interest in the non-disclosure of that information to requesters who do not have their authorization protected by exemption (b)(7)(C).  This protection most certainly extends to those who the requester identifies as confidential informants.  *See, e.g.*, *National Magazine v. U.S. Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995) (restating that those portions of records in investigatory files which would reveal subjects, witnesses, and informants in law enforcement investigations are categorically exempt, citing *Safecard*); *see Tanks v. Huff*, No. 95-568, 1996 U.S. Dist. LEXIS 7266, at *12-13 (D.D.C. May 28, 1996) (holding that absent compelling evidence of agency wrongdoing, criminal histories and other personal information about informants are categorically exempt).

Finally, exemption (b)(7)(D) protects:

> records or information compiled for law enforcement purposes
> [which] could reasonably be expected to disclose the identity of a
> confidential source,  including a State, local, or foreign agency or
> authority or any private institution which furnished information on a
> confidential basis, and, in the case of a record or information
> compiled by a criminal law enforcement authority in the course of a
> criminal investigation or by an agency conducting a lawful national
> security intelligence investigation, information furnished by a
> confidential source.

5 U.S.C. § 552 (b)(7)(D).   Its purpose "is to keep open the Government's channels of

confidential information." *Birch v. United States Postal Serv.*, 803 F.2d 1206, 1212 (D.C. Cir.

1986).  Successful law enforcement investigations depend on information provided by individuals

who may be exposed to relentless harassment and possible harm if their identities and the

information they provided are revealed.  *Gula v. Meese*, 699 F. Supp. 956, 960 (D.D.C. 1988);

*Duffin v. Carlson*, 636 F.2d 709, 712-13 (D.C. Cir. 1980).  Exemption (7)(D) not only protects

obviously identifying information, such as an informant's name and address, but also all

information which would reveal the source's identity.  *See Stone v. Defense Investigative Serv.*,

816 F. Supp. 782, 788 (D.D.C. 1993) (protecting information that "was 'so singular that to release

it would likely identify the individual, particularly to a knowledgeable party'").  Additionally, in

order to prevent indirect source identification, even the name of a third party who is not a

confidential source, but who acted as an intermediary for the source in his/her communications

with the agency, can be withheld.  *Birch*, 803 F.2d at 1212.  Moreover, to protect the free flow of

information from confidential sources, all information provided by a confidential source is

protected from disclosure under the second prong of Exemption (7)(D), even if the information is

not source-identifying.  *Irons v. FBI*, 880 F.2d 1446, 1448 (1st Cir. 1989); *Duffin*, 636 F.2d at 712-13.

In order to invoke exemption (7)(D), an agency must show either that a source provided information to it under express assurances of confidentiality or that circumstances support an inference of confidentiality.  *United States Department of Justice v. Landano*, 508 U.S. 165 (1993).  The detailed information that plaintiff seeks on confidential informants is the type of information that exemption (b)(7)(D) protects.  The exemption not only protects the identity of those who offer information, but also the information they have provided.  For those whose names are known, but who offer information in confidence, their information and arrangements with the Government are also protected.  *Id.*  It is easy to see how release of such information would likely have a disastrous impact upon the ability of law enforcement agencies to obtain such investigative information from cooperating individuals, as it would create a chilling effect upon the free-flow of information essential to resolve criminal prosecutions.  *See, e.g.,* Kornmeier Decl. ¶ 12.  Further, if such information were released, individual informants would likely become targets of harassment or other forms of reprisal.  *Id.*  In summary, the records plaintiff seeks on these third-party individuals, if it exists, is of the type exempt under (b)(7)(D) in any event.

<u>CONCLUSION</u>

For the reasons set forth above, the Court should grant defendants' motion for summary judgment.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney
/s/
RUDOLPH CONTRERAS, D.C. BAR# 434122
Assistant United States Attorney




/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on July 12, 2007, plaintiff was served with a copy of the

foregoing Motion for Summary Judgement via first-class mail postage prepaid and

addressed:


Russell Robinson
#04776-094
Federal Correctional Institute
P.O. Box 779800
Miami, FL 33177

and

Russell Robinson
SPC C/O P.O. Box 302402
St. Thomas, USVI 00803


_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135

-23-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RUSSELL E.D. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-02050 |
| | ) | |
| GONZALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **DECLARATION OF PEGGY L. BELLANDO**

I, Peggy L. Bellando, declare as follows:

(1)    I currently serve as the Unit Chief of the Freedom of Information-Privacy Acts ("FOIPA"), Litigation Support Unit ("LSU"), Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C., and in the absence of Section Chief David M. Hardy, my responsibilities include being a declarant for Freedom of Information Act ("FOIA") litigation matters. I have held this position since May 28, 2006. Prior to that, from August 1, 2004 until May 27, 2006, I served as the Acting Unit Chief of the FOIPA LSU. From October 1, 2002 until July 31, 2004, I was the Acting Unit Chief of Classification Unit Three and from May 7, 1990 to September 30, 2002, I was a FOIPA Regional Program Manager. I have been employed by the FBI since June 4, 1973, and on April 25, 1977, began my work as an analyst/paralegal in FBIHQ's "FOIPA Section," the equivalent of RIDS today.

(2)    In my current capacity as Unit Chief, I supervise the FOIPA LSU. The statements

contained in this declaration are based upon my personal knowledge, upon information provided

to me in my official capacity, and upon conclusions and determinations reached and made in

accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.  Specifically, I am

aware of the treatment which has been afforded the October 14, 2005 FOIA request of plaintiff

Russell E.D. Robinson for documents related to two third-party individuals.

(4)    This declaration is being submitted in support of Defendant's Motion for

Summary Judgment.

(5)    By letter dated October 14, 2005, plaintiff sought access to:

a. Information regarding Ishmael "Chuku" Brathwaite.

b. Any paperwork that reflects the documentation of a one Alvin "Tatoo" Hodge

by FBI S/A Robert Lasky or other FBI Agent.

See Exhibit A.

(6)    By letter dated October 26, 2005, FBIHQ acknowledged receipt of plaintiff's

request and advised plaintiff that his request could not be processed until he submitted a privacy

waiver completed by the third-party individuals mentioned in the initial request.  See Exhibit B.

(7)    Plaintiff sought an administrative appeal of the denial of his request by the FBI

which the U.S. Department of Justice ("DOJ"), Office of Information and Privacy ("OIP")

received on November 10, 2005.  See Exhibit C.  By letter dated November 21, 2005, OIP

informed  plaintiff that his appeal had been assigned number 06-0476 and that plaintiff would be

-2-

notified of the decision of his appeal. See Exhibit D.

(8)    By letter dated November 27, 2006, OIP informed plaintiff that it had affirmed the
action by the FBI to refuse to confirm or deny the existence of any records responsive to the
request of the plaintiff. See Exhibit E.

(9)    On November 30, 2006, the plaintiff filed the current litigation due to the denial
of his appeal by OIP.

### FBI's Response To Third-Party Requests

(10)    The FOIA request that is mentioned in the complaint appears to seek access to
records pertaining to Ishmael "Chuku" Brathwaite and "any paperwork that reflects the
documentation of a one Alvin 'Tatoo' Hodge by FBI S/A Lasky or other FBI Agent."

(11)    Upon receipt of requests which seek access to investigatory records concerning
third parties, it is the policy of the FBI to neither confirm nor deny that it has responsive records.
Even to acknowledge that law enforcement records pertaining to an individual exist could
constitute an unwarranted invasion of his or her personal privacy pursuant 5 U.S.C. § 552
(b)(7)(C).[1] Moreover, disclosure of this information would constitute a clearly unwarranted
invasion of their personal privacy pursuant to 5 U.S.C. § 552(b)(6).[2]

(12)    When requesting access to records pertaining to a third party, a requester must
provide a notarized authorization (Privacy Waiver) from the third party, or provide proof of

---

[1] Exemption (b)(7)(C) applies to records or information compiled for law enforcement
purposes the disclosure of which "could reasonably be expected to constitute an unwarranted
invasion of personal privacy." See 5 U.S.C. § 552 (b)(7)(C).

[2] Exemption (b)(6) exempts from disclosure "personnel and medical files and similar
files the disclosure of which would constitute a clearly unwarranted invasion of personal
privacy."

-3-

death.  See 28 C.F.R. § 16.3(a).  Without receipt of a notarized Privacy Waiver or proof of death,

records pertaining to a third party are exempt pursuant to 5 U.S.C. § 552 (b)(6) and (b)(7)(C).  To

release the names or other personal information about these individuals could cause unsolicited

and unnecessary attention to be focused on them.  The presence of their names in FBI

investigatory files may cast them in an unfavorable or negative light to the public.  These

individuals maintain strong privacy interests in not having their personal information disclosed.

After identifying the substantial privacy interests of the third parties mentioned in this type of

file, the FBI balances those interests against the public interest in disclosure.  In most cases, there

is no discernable interest in any such disclosure because the names of third parties do not shed

light on the activities of the FBI.  Accordingly, disclosure of this type of information would

constitute a clearly unwarranted invasion of their privacy, and could constitute an unwarranted

invasion of their personal privacy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through E are true and correct copies.

Executed this ___8th___ day of June, 2007.


PEGGY L. BELLANDO
Unit Chief
FOIPA Litigation Support Unit
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL E.D. ROBINSON,                    )
                                          )
        Plaintiff,                        )
                                          )
              v.                          )        Civil Action No. 06-CV-02050
                                          )
GONZALES, et al.,                         )
                                          )
        Defendants.                       )
                                          )

# EXHIBIT A

October,14th,2005.

Russell E.D. Robinson,04776-094,2C
Metropolitan Detention Center
P.O. Box 2147
San Juan,P.R. 00922-2147

Fedral Bureau Of Investigation
Records/Information dissemination section
Records management Division
FBI
Department Of Justice
935 Pennsylvania Avenue,NW
Washington,D.C.20535-0001

RE:Information request Pursuant to FOIA Act,5 USC Sec.552.

Pursuant to **18 USC SeC. 1001**,I hereby state under the penalty of perjury,
that the following is true,accurate,and correct based upon information and
belief;and my herein contained requests are based on this information.
1)Ishmael "Chuku" Brathwaite,testified in a Federal Criminal case,# 2004-05-
F-02.
2)Based on Affidavit sworn to by DEA S/A Joseph Tokarz,mr.Brathwaite "was
made available to him by FBI S/A Robert Lasky"...who at the time was asssigned
to the same HIDTA Task Force Of the United States Virgin Islands.
3)He was (Brathwaite),documented either as a "cooperating source",or a
"Confidential Source":and described as a "Former boat captain of Hendricks.".
many DEA 6's supplied via discovery states this.
4)I also request any paperwork that reflects the Documentation of a one
Alvin "Tatoo" Hodge,by FBI S/A Lasky,or other FBI Agent.
5)Under the penalty of perjury,I hereby state I was an aggrieved party to
this prosecution,and I am the person making this request,(as captioned):I
consider any denial/obstruction of this pertinent information to be a
Violation of my constitutional Due Process Rights.I certify that all the
information requested is factually pertinent to matters Germane to my proof
of innocence in the above referenced Federal Criminal Matter and look foward
to an expedited response,in that Court Filings await their arrival.END.

*Russell E.D. Robinson. 04776-094.*

Russell E.D. Robinson,04776-094
This date October,14th,2005,in the city of San Juan,Puerto Rico.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL E.D. ROBINSON,    )
                          )
        Plaintiff,        )
                          )
            v.            )          Civil Action No. 06-CV-02050
                          )
GONZALES, et al.,         )    *
                          )
        Defendants.       )
                          )

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

October 26, 2005

Mr. Russell E. D. Robinson
**04776-094,    2C
Metropolitan Detention Center
Post Office Box 2147
San Juan, PR  00922-2147

Dear Mr. Robinson:

A copy of your letter asking for information maintained by the FBI under the Freedom of Information Act (FOIA) concerning other individuals is being returned to you.

Before we commence processing your request for records pertaining to other individuals, we ask that you submit to the FBI a privacy waiver signed by each person. Without a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

Enclosed is a Privacy Waiver and Certification of Identity form. (You may make additional copies if your request is for more than one individual). The subject of your requests should complete this form and then sign it. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place.

In order to ensure an accurate search of our records, please provide your subjects' complete name, date of birth and place of birth, if you have not already done so.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

You may appeal this denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal".

Sincerely yours,

David M. Hardy
Section Chief
Records Information
    Dissemination Section
Records Management Division

All Attached Correspondence Must Be Returned to the FBI With This Letter

FORWARDED TO MSU
BY_____
DATE_____

# Privacy Waiver and Certification of Identity

FOIPA Request Number _____
                                   (if known)

Full Name: _____

Current Address: _____

_____

Date of Birth: _____  Place of Birth: _____

(Optional: Prior addresses, employments, aliases, etc., which may assist the FBI in locating the requested information) _____

_____

_____

      I hereby waive my right to privacy, and I authorize the FBI to release any and all information relating to me to :

                    (name, address, & phone of Attorney or other Designee)

                    _____

                    _____

                    _____

                    _____

      Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature: _____  Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL E.D. ROBINSON,            )
                                  )
        Plaintiff,                )
                                  )
        v.                        )        Civil Action No. 06-CV-02050
                                  )
GONZALES, et al.,                 )
                                  )
        Defendants.               )
                                  )

# EXHIBIT C

Recd 1-10-05

06-0476   FOIA
(A)
FBI

November,1st,2005.

Russell E.D. Robinson,04776-094,2C
Metropolitan Detention Center
P.O.Box 2147
San Juan,P.R. 00922-2147

Need reg#

Co-Director,Office Of Information and Privacy
United States Department of Justice,Suite 570
Flag Building
Washington,D.C.20530-0001

Dear Mr.Hardy,

I seek to Appeal this decision,simply because it is Ludicrous.
How am i expected to get the Government's "CI'S" to sign Authorisation to
release information as to whether they were properly documented as per
**DEPARTMENT OF JUSTICE CONFIDENTIAL INFORMANT GUIDELINES?????**

pointedly I am saying that**DUE PROCESS MANDATES THAT THIS INFORMATION,**
was discoverable to me pretrial.It was Not;so now via USC 5 sec.552,
I need this information to qualify certain challenges of agent/prosecutor
misconduct/perjury/evidence fabrication.Now you people are the FederaL
Bureau of Investigation.i see no reason to attempt to be complicit in This
kind of Mis-conduct.Any further denial will result in me seeking a **WRIT
IN THE NATURE OF MANDAMUS,FROM NEW SUPREME COURT JUSTICE JOHN ROBERTS,
AND THE FILING OF A "BIVENS" ACTION,TO FORCE THE DISCLOSURE OF THESE
DOCUMENTS,SEEKING COMPENSATORY DAMAGES INEXCESS OF THREE HUNDRED AND
SIXTY SIX MILLION UNITED STATES DOLLARS.**I anticipate your kind assistance
in this matter,and the referring to the Office Of Inspector General,any
findings of misdeeds by FBI S/A Rob Lasky,Larry Mentzer,or other federal
Agents surrounding the handling/mis handling of named "CI'S" whose
registration information I requested in reference to Criminal Case 2004-05-
F-02(JTG).

I again foward my original letter to explain my requests.
Pursuant to **28 USC Sec 1746(2)**,under the penalty of perjury,I affirm
with the affixation of my signature the preceding is true,accurate,and
correct.END.  Russell E.D. Robinson, 04776-094 ;   S80 19 5059.
        Russell E.D. Robinson,04776-094.SS#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.

4pp

OFFICE OF INFORMATION
AND PRIVACY

NOV 1 0 2005

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL E.D. ROBINSON,                )
                                       )
        Plaintiff,                     )
                                       )
                v.                     )        Civil Action No. 06-CV-02050
                                       )
GONZALES, et al.,                      )
                                       )
        Defendants.                    )
                                       )

# EXHIBIT D



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                           _Washington, D.C. 20530_

**NOV 2 1 2005**

*11-21-05*

Mr. Russell E. D. Robinson
Register No. 04776-094, 2C
Metropolitan Detention Center
P.O. Box 2147
San Juan, PR 00922-2147

     Re:  Your letter of November 1, 2005          *1035093*

Dear Mr. Robinson:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on November 10, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0476**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                     Sincerely,

                     Priscilla Jones
                     Chief, Administrative Staff

*Received 12-9-05 jbm/rk*

FBI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RUSSELL E.D. ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-CV-02050 |
| GONZALES, et al., | ) |
| Defendants. | ) |

# EXHIBIT E



**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

NOV 2 7 2006

Mr. Russell E.D. Robinson
Register No. 04776-094, 2C
Metropolitan Detention Center
Post Office Box 2147                    Re:    Appeal No. 06-0476
San Juan, PR 00922-2147                         ADW:KM

Dear Mr. Robinson:

    You appealed from the action of the Headquarters Office of the Federal Bureau of
Investigation on your request for access to records pertaining to certain third parties.

    After carefully considering your appeal, I am affirming the FBI's action in refusing to
confirm or deny the existence of any records responsive to your request. Without consent, proof
of death, official acknowledgment of an investigation, or an overriding public interest,
confirming or denying the existence of law enforcement records concerning an individual could
reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C.
§ 552(b)(7)(C).

    If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Daniel J. Metcalfe
                                        Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL E.D. ROBINSON,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | Civil Case No: 06-2050 (EGS) |
| ) | |
| ATTORNEY GENERAL OF THE UNITED STATES      ) | |
| ) | |
| Defendant.      ) | |
| ) | |

DECLARATION

I, WILLIAM E. BORDLEY, being duly sworn upon my oath, hereby depose and say that:

1.    I am an Associate General Counsel and the Freedom of Information/Privacy

Act (FOI/PA) Officer of the United States Marshals Service (USMS), assigned to the Headquarters,

Office of General Counsel (OGC), in Arlington, Virginia.  I am experienced with the procedures for

responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and

the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS.

The USMS Headquarters OGC is responsible for processing all FOI/PA requests made to any USMS

office located throughout the United States pursuant to USMS policy.

2. By letter dated October 15, 2005, received in the OGC on October 25, 2005, plaintiff

submitted a request for records pertaining to him.    (See Exhibit A.)

3. By letter dated October 26, 2005, the USMS requested that plaintiff verify his identification

in accordance with 28 U.S.C. § 1746. (See Exhibit B)

4. By letter dated November 1, 2005, received in OGC November 10, 2005, plaintiff certified his

identification, and requested additional information, i.e., any and all reports/directives, orders, and

authorizations, etc. compiled by the USMS Special Operations Group regarding him. (Exhibit C)

5. By letter dated November 17, 2005, the OGC acknowledged receipt of plaintiff's request advising him that a search for responsive documents had commenced, and the USMS would contact him once the processing of plaintiff's request was completed.  (See Exhibit D.)

6. As a result of this search, 226 pages of records responsive to the plaintiff's request were located in the District of Puerto Rico, District of the Virgin Islands, and the Justice Prisoner and Alien Transportation System (JPATS).  JPATS supports the federal judiciary through its scheduling and transportation responsibilities. JPATS transports sentenced prisoners who are in the custody of the Federal Bureau of Prisons (BOP) as well as Immigrations and Customs Enforcement criminal/administrative aliens to hearings, court appearances and detention facilities.

7. The USMS systems of records routinely encompassed by a search for prisoner records are the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007. Records maintained in these systems of records are compiled for law enforcement purposes in connection with the USMS's execution of Federal arrest warrants, investigation of fugitive matters, and receipt, processing, transportation, and custody of federal prisoners from the time of their arrest by a U.S. Marshal or their remand to a U.S. Marshal by the court until the prisoner is committed by the court to the Attorney General for service of sentence, otherwise released from custody or returned to custody of the U.S. Parole Commission or Bureau of Prisons. See Rule 4, Federal Rules of Criminal Procedure, 18 U.S.C. § 4086, 28 U.S.C. § 566(e)(1)(B), and 28 C.F.R. §.111(a), (j), (k), (q).

8. Records maintained by the USMS in the WIN and PPM/PTS systems of records consist of personal data, including criminal history records on the individual subjects of investigatory interest and their associates, witness interviews, and other records documenting efforts by the USMS to locate and apprehend individual fugitives and other wanted persons, and records of criminal custody by the USMS. In addition, such records include records generated by the USMS Special Operations Group to the extent that USMS SOG personnel were involved in locating, or apprehending a fugitive.

9. The WIN and PPM/PTS systems of records are exempt from the access provision of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R § 16.101(a), (o), (q). Therefore, to ensure maximum access, records in these systems of records are processed for disclosure pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, which provides access to federal agency records, unless such records (or portions thereof) are exempt from disclosure under one or more exemptions of the FOIA. See 5 U.S.C. § 552(b).

10. In this case, these systems of records were searched electronically by plaintiff's name and registration number as provided by plaintiff. This search provided information regarding where to locate records and files pertaining to plaintiff.

11. As a result of this search, 226 pages of records responsive to the plaintiff's request were located in the District of Puerto Rico, District of the Virgin Islands, and the JPATS.

12. By letter dated May 19, 2006, the USMS disclosed records to the plaintiff pursuant to his request. Of the 226 pages located, 218 were disclosed to plaintiff with minimal deletions pursuant to exemptions 2 and 7(C) of the Freedom of Information Act (FOIA) , 5 U.S.C.

552(b)(2) and (b)(7)(C), four pages were referred to the Bureau of Prisons, and four pages were

withheld in their entirety pursuant to exemption 7(C). (See Exhibit E.)

13. Exemption 2 allows an agency to withhold matter related solely to internal personnel

rules and practices of the agency. 5 U.S.C. § 552 (b)(2). This exemption was applied to withhold

internal agency case numbers used by investigative agencies to link particular asset records with

ongoing investigation or litigation. Release of the case numbers would enable a member of the

public to ascertain the assets associated with a larger investigative or litigative matter. Assets

seized in one area of a country might be linked through another agency's case number to a

criminal case in another area. Release of federal and state agency internal case numbers would

compromise law enforcement actions in related cases. This exemption was also applied to

withhold Vehicle Identification Numbers (VIN) associated with assets turned over to law

enforcement agencies for official use. Release of such information could pose of a risk of danger

to law enforcement personnel and interfere with law enforcement efforts during undercover

work. Further, this exemption was also applied to withhold an internal website address to

Consolidated Asset Tracking System (CATS) information. Use of this database is restricted to

Department of Justice components and other federal agencies participating in the Asset

Forfeiture Program, and can only be accessed by those with proper authority. Public database

disclosure of this information would aid unauthorized entry into the CATS database and could

risk circumvention of the law. The information meets the test of predominantly internal

information set forth in Crooker v. BATF, 670 F.2d 1051, D.C. Cir (1981), for withholding

information pursuant to exemption 2. In addition, there is no legitimate public interest in

disclosure of this purely internal information. Accordingly, exemption 2 was applied to withhold

this information from disclosure.

14. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). This exemption was applied to withhold the names, telephone numbers, and other information pertaining to USMS and/or government employees (law enforcement officers). Plaintiff presents no public interest to warrant disclosing this information, nor does the USMS believe that public disclosure of this information is warranted. To the contrary, the release of the identity of law enforcement officers and other government employees could subject these individuals to unwarranted public attention, harassment, and annoyance, and would thereby impair the effectiveness of these employees in carrying out their official duties and potentially cause unwarranted attention to them in their private lives, and could possibly pose a danger to their life or physical safety. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. In considering whether the public's interest in disclosure outweighed the individual's interest in privacy, the USMS determined that no legitimate interest would be served by disclosure of this information. 5 U.S.C. § 552 b)(7)(C).

15. Exemption 7(C) was applied also to withhold the names, addresses, telephone numbers, and other information on third-party individuals. Plaintiff has presented no public interest to warrant disclosing this information. Release of this information could expose these individuals to unnecessary public attention, criticism, harassment and embarrassment. In considering whether the public's interest in disclosure outweighed the individual's interest in privacy, the USMS determined that no legitimate interest would be served by disclosure of this

information.

16. A description of 119 pages released to plaintiff with excisions made pursuant to exemptions 2 and 7(C) of the FOIA is provided as follows:

**Documents Disclosed with Information Deleted and Withheld**

| Document Item | Document Identification | No. Of Pages |
|---|---|---|
| **Item 1**<br>Exemption(s) | **USMS Directive 9.25**<br>**Housing Prisoners in USMS Custody**<br>Exemption (b)(2) | **2** |
| **Item 2**<br>Exemption(s) | **Prisoner Movement Manifests**<br>Exemption 7(C) | **67** |
| **Item 3**<br>Exemption(s) | **Subject Report for Russell E. D. Robinson**<br>Exemption (b)(2)<br>Exemption 7(C) | **2** |
| **Item 4**<br>Exemption(s) | **Asset Seizure Documents**<br>Exemption (b)(2) | **3** |
| **Item 5**<br><br>Exemption(s) | **Prisoner Remand or Order to Deliver and**<br>**Receipt for U. S. Prisoners (Form USM-40)**<br>Exemption 7(C) | **20** |
| **Item 6**<br>Exemption(s) | **USMS Court Activity Report**<br>Exemption 7(C) | **11** |
| **Item 7**<br>Exemption(s) | **Deputy U. S. Marshal Handwritten Notes**<br>Exemption 7(C) | **5** |
| **Item 8**<br>Exemption(s) | **Personal History of Defendant**<br>Exemption 7(C) | **6** |
| **Item 9**<br>Exemption(s) | **Finger Print Card**<br>Exemption 7(C) | **1** |
| **Item 10**<br>Exemption(s) | **USMS Mug Shots**<br>Exemption (b)(2) | **2** |

**Documents Withheld Entirely**

| Item 11 | Form USM, 129, Other Prisoner | 4 |
|---------|-------------------------------|---|
| Exemption(s) | Exemption 7(C) | |

17.  In summary, the 226 pages of documents located by the USMS were as processed as follows: 99 pages were released in full to plaintiff; 119 were released with minimal deletions; four pages were referred to the BOP; and four pages were withheld entirely.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my information and belief.

_Wm E Bordley_

_____
WILLIAM E. BORDLEY

Dated:  June 15, 2007

October,14th,2005.

Ru      1, E.D. Robinson,04776-094,2C
Met..  'itan Detention Center
P.O. bc   '147
San Juan,, .. 00922-2147



RECEIVED
'ENERAL COUNSEL

05 OCT 25 PM 1: 13

U.S. MARSHALS SER ICE

United States Marshal Service
FOIA/PA Officer
Office of General counsel
Department of Justice
Washington,D.C.20530-1000.
RE: Freedom of information requests of certain reports maintained by The
United State Marshal Service In the United States Virgin Islands,Division
of St.croix.

I state under the penalty of perjury,pursuant to **18 USC Sec.1001**,that I am
the person in the above captioned address who is making  this requests.
I make these following requests.
1)A copy of the report filed by United states Deputy Marshal Wilson pertaining
to an incident that occurred on a United states marshal Flight of August
18th,2003,wherein while being transported to Court in the Virgin islands,
the seat on which I was seated came loose fro  the seat tracks in the air-
craft violently landing me in the lap of a codefendant.

2)The reports as filed by the Deputy United State Marshal service who during
my trial that lasted from July 11th,2005,to August 4th,2005,(i.e.the special
operations group)that reflect my transportatin in substandard aircraft,and
the partial engine failure experienced by the United States Coast Guard
Helicopter,(with me inside)-that subsequently resulted in me being kept
overnight in **THE UNITED STATES MARSHAL HOLDING CELL IN THE FEDERAL BUILDING.**

3)The report filed by Deputy United State Marshal Drake pertaining to his
ejection of a one Hector rivera Sr. from the trial proceedings:in Marshal
drake's own words"his attitude was bad",Mr.Rivera was subsequently readmitted
after giving a letter to the prosecutor to give the Judge.Himself and his
family had been wearing Funeral attire and corsages in plain view of the
Jury.

4)The report/s filed by Chief Deputy Conrad Hoover and deputy Drake,for the
May,13th,2005 incident wherein I was transported,(against my protests),in
a private company,American Ranger ,**UNVENTILATED ARMORED,VEHICLE AND FORCED
TO SIT ON AN OVERTURNED PLASTIC MILK CARTON.**
5)Under the penalty of perjury I state all of the above is true,accurate,
and correct,and I necessitate this Information to effect certain court
Filings:I consider any denials/delays/obstructions a  further Violation of
my Constitutional Rights;I also requests what directive permits the United
States Marshal Service ,(copies of any Document),to house Virgin Island
Detaineess,(pretrial),**OUT OF THEIR JURISDICTION**,therby impinging on their
Constitutional Right to counsel(Sixth Amendment).My social security # is
██████████  request this information forthwith to effect certain pertinent
Court Filings.I also request ALL the reports of my **DAILY** Flights To and from
Court,during the time of my trial July 11th,2005 to August 4th,2005.END.

*Russell E.D Robinson, 04776-094*
Russell E.D. Robinson,04776-094,2C

This Date,October,14th,in the city of San Juan,puerto Rico

Exhibit A



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*
October 26, 2005

Russell Robinson, Reg.No.: 04776-094
Metropolitan Detention Center
P.O. Box 2147
San Juan, P.R. 00922-2147

   Re:   **Freedom of Information/Privacy Act Request, 2006USMS8872**

Dear Mr. Robinson:

   In order for the United States Marshals Service to address your request, it is necessary for you to provide the following prerequisite element(s) as indicated:

   **[ X ] Verification of identify.**   You may establish your identity by completing the enclosed *Certification of Identity Form, DOJ-361*, or by furnishing your identifying data and signature by declaration under penalty of perjury. See 28 U. S. C. section 1746.

   **[___] Authorization to disclose records or proof of death**. A written release from the subject of the requested records which includes the subject's identifying data, authorizing the USMS to disclose to you information pertaining to that individual, if any such information is maintained by the USMS. A Certification of Identity Form, DOJ-361, may be used for this purpose or a declaration by the subject signed under penalty of perjury. If the subject is deceased, you must furnish a death certificate or obituary which confirms death.

   **[___] Identification of judicial district(s).** Identify the United States Marshals Service district office(s) or city(ies) in which you have reason to believe documents responsive to your request may exist so we may conduct an adequate search.

   **Please return your request letter with the required information to the U.S. Marshals Service, Office of General Counsel, Attn:  FOI/PA, Washington, D.C. 20530-1000.**  We will acknowledge your request upon receipt in this office and correspond with you again, accordingly.

                                      Sincerely,

                                      William E. Bordley
                                      **William E. Bordley**
                                      FOI/PA Officer, Associate General Counsel
                                      Office of General Counsel

Enclosure

Exhibit B

<u>November,1st,2005.</u>

Russell E.D. Robinson,04776-094,2C
Metropolitan Detention Center
P.O. Box 2147
San Juan,P. R.00922-2147


ATTN:William E.Bordley
FOI/PA Officer,Associate General counsel
United States Marshal Service
Office Of General Counsel
Washington,D.C.20530-1000.          *FC Request # 2006 uIms 8892*

Dear Mr.Borderly,

        I have filled out the necessary form,and Pursuant to USC
28 Sec.1746,under the penalty of perjury,I affirm that I,Russell E.D.
Robinson,am the person making the following request/s:I am requesting
a copy of **ANY AND ALL REPORTS/DIRECTIVES,ORDERS,AUTHORISATIONS,ETC.**compiled
by the United States Marshal Special Operations Group that (i)authorised them
to transport me,Russell Robinson,in substandard aircraft,and U.S. Coast
Guard Helicopter **CONTRARY TO FAA STANDARDS**,during the time period,April 7th,
2003,to August 4th,2005.Specifically,incidents occurring on August 18th,2003,
reported By U.S. arshal "Wilson"of St.Croix;May 13th,2005,transportation
in an American Ranger Armored Vehicle **WITHOUT A SEAT,AND WAS FORCED AT
GUNPOINT BY UNITED STATES MARSHALS DRAKE AND CONRAD HOOVER TO SIT ON AN
OVERTURNED EMPTY PLASTIC MILK CARTON WHILE MANACLED LIKE A RUNAWAY SLAVE!!.,**
The incident report of The United States' Coast Guard,helicopter experiencing
a partial engine failure,with me,Russell E.D. Robinson,on board and almost
crashing into **HIGH VOLTAGE UTILITY LINES ,NEXT TO THE VIRGIN ISLANDS WATER
AND POWER PLANT IN CHRISTIANSTED,ST.CROIX:**The report as to my **sleeping
overnight**,in the United States Marshal Holding Cell,after said Helicopter
near fiasco,in the Federal Building And Courthouse.I also make reference,
and request as to a copy of the report/s filed by U.S. Marshal Linda Valerino
as per an incident that occurred on or about August,20th,2003,in Golden
Grove Adult Correctional Facility,wherin she stood idly by,during the time
she was assuming custody of me,Russell robinson,and heard a person
subsequently known to me as Hector "Maliko" Davis threaten my life and to
kill me:(I wrote Magistrate Geoffry Barnard a letter to this effect).And
in conclusion,**ANY AND ALL FILES,REPORTS,NOTES,ELECTRONIC RECORDING,ETC,
MAINTAINED BY THE UNITED STATES MARSHAL SERVICE PERTAINING TO ME,RUSSELL E.
D.ROBINSON.** *Russell E.D. Robinson , 04776-094.*
Sincerely,Russell E.D. Robinson,04776-094.

*Exhibit C*

U.S. Department of Justice                 **Certification of Identity**                 

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  R٠ssell  Edouard  Donaldson  Robinson

Citizenship Status [2] United  States           Social Security Number [3]  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

Current Address  Metropolitan  Detention  Center,Guaynabo,San  Juan,Puerto  Rico,

Date of Birth  03/25/66           Place of Birth  Commonwealth  Of  Dominica

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] *Russell E.D Robinson,04776~094.*           Date November,1st,2005.

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Ophelia  Shillingford,P.O.  Box  302402,St.Thomas,USVI,00803
**Print or Type Name**

    [1] Name of individual who is the subject of the record sought.
    [2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
    [3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
    [4] Signature of individual who is the subject of the record sought.

Russell E.D. Robinson, 04776-094, 2C
Metropolitan Detention Center
P.O. Box 2147
San Juan, P.R. 00922-2147

"SPECIAL MAIL"

Russell E.D.Robinson, 04776-094, 2C
Metropolitan Detention Center
P.O. Box 2147
San Juan,P.R. 00922-2147

"MAIL"

United States Marshal Service
FOIA/PA Officer
Office of General counsel
United States Department of Justice
Washington,D.C.20530-1000

"SPECIAL MAIL"

Department of
Mailroom
OCT 25 2003

United States Marshal Service
Office Of General Counsel,ATTN:FOI/PA
Washington,D.C.20530-1000

"SPECIAL MAIL"

U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

November 17, 2005

Russell E. D. Robinson
04776-094, 2C
Metropolitan Detention Center
PO Box 2147
San Juan, PR 00922-2147

     RE:    Freedom of Information/Privacy Act Request No. 2006USMS8872
           Subject:  Self

Dear Requester:

    The United States Marshals Service is in receipt of your Freedom of Information/Privacy Act request for records maintained by this Bureau. We have commenced a search for documents responsive to your request and will contact you when our processing is complete.

    Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

               Sincerely,

               William E. Bordley
               Associate General Counsel/FOIPA Officer
               Office of General Counsel

Exhibit D



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

May 19, 2006

Mr. Russell E.D. Robinson
Reg. No. 04776-094, 2C
Metropolitan Detention Center
P.O. Box 2147
San Juan, Puerto Rico 00922-2147

     RE:    Freedom of Information/Privacy Act Request No. 2006USMS8872

Dear Mr. Robinson:

    The United States Marshals Service (USMS) is responding to your request for documents pertaining to you, Hector Rivera, and the directive that permits the USMS to house detainees out of their jurisdiction.

    Pursuant to your request, the USMS conducted a search of its files and located 226 pages of documents responsive to your request. Four (4) pages originated with or contain information which originated with the Federal Bureau of Prisons. These documents and a copy of your request have been referred to the originator for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and § 16.42.

    We have determined to grant you access to 218 pages, except for internal information and names, addresses, and telephone numbers of government employees and/or third-party individuals, and names, numbers, and related information on other prisoners referenced therein, which are exempt from disclosure pursuant to exemptions 2 and 7(C) of the Freedom of Information Act, 5 U.S.C. 552(b). Exemption 2 allows an agency to withhold matter related solely to internal personnel rules and practices. The information withheld under this provision meets the test of "predominant internality," set forth in <u>Crooker v. BATF</u>, 670 F.2d 1051 (D.C. Cir. 1981), and disclosure of this information could risk circumvention of the law. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. The information withheld is not appropriate for discretionary release. A copy of these 218 pages of documents are enclosed. The remaining four (4) pages of documents are being withheld in their entirety pursuant to exemption 7(C) referenced above.

Exhibit E

Finally, absent a written release from Hector Rivera, Sr., the USMS must deny your request pursuant to exemption 7(C) as explained above.  See also DOJ v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989).  A discretionary release of such records, if they exist within the records and files of the USMS, would be in violation of the Privacy Act, 5 U.S.C. 552a.

If you are dissatisfied with my action on this request, you may appeal this partial denial within 60 days of the date of this letter by writing to the Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal."  In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


RUSSELL E.D.ROBINSON          )
                    Plaintiff,          )
                                        )
    V.                                  )          Case No.  1:06-CV-02050-EGS
                                        )
ALBERTO GONZALES ET AL.,          )
                                        )
                    Defendants.   )
_____

DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1)  I am an attorney advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice.  In that capacity, my responsibilities include:

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the

review  of FOIA/PA requests for access to records located in this office and 94 United States

Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence

related to requests; the review of searches conducted in response to requests; the location of

responsive records; and preparation of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et. seq.  and §16.40 et. seq.).

1

2)  As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts.  The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3)  Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request made to EOUSA by the above-captioned Plaintiff, Russell E. D. Robinson (hereinafter referred to as "Mr. Robinson "). I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

### REQUEST NUMBER 06-1715

Initial Request Letter

4)  By letter dated February 22,  2003 (received March 6, 2006), Mr. Robinson requested information on several third party confidential informants in his criminal case; see Exhibit A for a copy of this February 22, 2003 request.

EOUSA Decision

5)  By letter dated June 13, 2006, EOUSA denied the request because Mr. Robinson had not provided authorization from the third party confidential informants to release their private records; the release of these records without express authorization would have been an unwarranted invasion of personal privacy under the PA and the FOIA; see Exhibit B for a copy of the letter of June 13, 2006.

Administrative Appeal

6) Mr. Robinson filed an administrative appeal of EOUSA's decision with the Office of

Information and Privacy ("OIP").  By letter dated September 28, 2006, OIP affirmed EOUSA's

decision; see Exhibit C for a copy of the letter of September 28, 2006.

## FREEDOM OF INFORMATION ACT EXEMPTIONS

EOUSA asserts the following exemptions to withhold records under the FOIA:


### EXEMPTION 5 U.S.C. Section 552(b)(7)(C)

7)  Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or

information compiled for law enforcement purposes if such release could reasonably be expected

to constitute an unwarranted invasion of personal privacy.  All information at issue in this case

was compiled for law enforcement purposes in order to prosecute Mr. Robinson for violations of

criminal statutes.

8) Mr. Robinson in his request is seeking extensive detailed information on  confidential

informants including any inducements, promises, or agreements offered, and full informants'

files.  This type of information falls squarely with the categories of information protected by

exemption (b)(7)(C) of the FOIA as indicated in the seminal case in the area, United States

Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989).

9)  The EOUSA determined that there was no public interest in the release of this

information because dissemination of the information would not help explain the activities and

operations of the EOUSA.  No public interest would counterbalance the individuals' privacy

right in the information withheld under this exemption.  Indeed, Mr. Robinson provided this

office with no authorizations or consents to release otherwise personal privacy protected

materials from any third party individual.

## EXEMPTION 5 U.S.C. Section (b)(7)(D)

10) The detailed information which Mr. Robinson seeks on confidential informants is the type of information that exemption (b)(7)(D) protects. This exemption not only protects the identities of those who offer information in criminal cases with an expectation of confidentiality, but also the information they provide. For those whose names are known, but who offer information in confidence, their information and arrangements with the Government are also protected.

11) Exemption (b)(7)(D) of the FOIA exempts from mandatory release information compiled for law enforcement purposes if its release "could reasonably be expected to disclose the identity of a confidential source, including a state or local agency or authority or any private institution that furnished material on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or any agency conducting a lawful national security intelligence investigation, and information furnished by a confidential source."

12) This exemption is applied to protect individuals who provided information as confidential sources during a criminal investigation (both their identity and the information provided), disclosure of which would likely produce a disastrous impact upon the ability to ever obtain such investigative information again, as it would create a chilling effect upon the free-flow of information essential to resolve criminal prosecutions. Further, if this information were released, individual informants would likely become targets of harassment or other forms of reprisal. To avoid these consequences and promote cooperation, such information is withheld.

13) The United States Supreme Court decision, Department of Justice v. Landano, 113 S.Ct. 2014 (1993) held that the critical element to be established under this exemption is

4

whether a "particular source spoke with an understanding that the communication would remain confidential." (Id., p. 2019)  This can be proven be either an express assurance of confidentiality or circumstances from which the assurance could reasonably be inferred. (Id., pp. 2019-2020)  In essence, the understanding is that the communication, if shared, will not be publicly disseminated, but only divulged to the extent thought necessary for law enforcement purposes. (Id., p. 2021) Certain circumstances support an inference of confidentiality.  Among these are the fact that an individual was a paid informant, the character of the crime being investigated, and the source's relation to the nature of the crime. (Id.) Thus Mr. Robinson's request seeks information on the very type of individual that exemption (b)(7)(D) protects.

 

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 13,  2007.

_____
                 John Kornmeier

05-3424 CLS

February, 22nd 2003

Russell E.D. Robinson, 04776-094, SJM

Metropolitan Detention Center.

P.O. Box 2147

San Juan, P.R. 00922-2147.


Executive Offices of United States Attorneys

FOIA/PA unit

600 E. Street N.W. BICN Building, Room, 7300

Washington, D.C. 20530


Re: FOIA/PA Requests for Certain Information That was Discoverable
pursuant to "Brady", "Giglio", "Bagley" in CR 2004-05-F-02 (JTG)-
in District Court of The Virgin Islands, but was Deliberately
Witheld in Violation of "Kyle".


Dear Sir/Madam,

I, (Russell Robinson) A Party To the Above
Referenced Litigation, now make This FOIA/PA Request Seeking
ALL CASE Files, DEALS (written or otherwise) Promises, Inducements,
Agreements, Deferred Prosecutions (written or otherwise): As it
Pertains to These following "CI's" who Testified: (1) Rudolph
Clarke; (2) Anthony "Tony" Ottley; (3) Ishmael "Chuku" Brathwaite;
(4) David "slippery" Peltier; (5) Christopher Schoembohm; (6)
Hector Rivera Jr.

I seek ALL THE CASE files of AN THE CASES They
Participated in, Were a Subject of an Investigation, of Local or
Federal or International Agency known to the United States
Government And or it's various Agencies. Also Their Registration
And Evaluation Records As Per Department of Justice Attorney General,
Informant Guidelines (CI).

I Cite These Cases in Support of my FOIA/PA Requests: Roviaro v.
U.S., 353 U.S, 53, 59 (1957); Gilliard v. Craig, &c-N.C. 1871, 331 F.Supp. 587, Aff.
93 Sct. 39, 409 U.S. 807, 34 L.Ed 2d 66 rehearing denied, 93 Sct. 892, 409 US
1119, 34 L.Ed 2d 704; U.S. v. Blanco, 392 F.3d 382 (8th Cir. 2004).

GOVERNMENT
EXHIBIT
A

Page 2, USA/PR

I Anticipate an expedited response, as I am engaged in post trial proceedings that necessitate the information requested to prove conclusively the knowing use of perjury and fabrication in the captioned / referenced case; maybe even necessitating a referral to the office of professional responsibility for investigation of all concerned. A denial in effect denys me a fair adverserial process as mandated by my USCA 1, 5, 6, & 14.

All the preceeding is requested under the penalty of perjury pursuant to 18 USC 1621 & 28 USC 1746 (2) this date February 22nd 2002, in the City of San Juan Puerto Rico.

Respectfully submitted

Russell E.D. Robinson, 04776-094, SHU

Russell E.D. Robinson, 04776-094, SHU.



**U.S. Departm⋯ of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:  Russell E.D. Robinson

Request Number:  06-1715                        Date of Receipt:  March 6, 2006

Subject of Request: Third parties

JUN 1 3 2006

Dear Requester:

      The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

      You have requested records concerning a third party (or third parties).  Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records.  Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. § 552a.  These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. § 552.

      We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release.  If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

      Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization.  A form is enclosed to assist you in providing us the authorization and consent of the subject of your request.  The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. § 1001.  **Please send your new request to the address above.**

[ ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what of what you sought.  Each file will have a separate Request Number (listed below), for which you will receive a separate response:
  **NOT SPLIT**

(Page 1 of 2)
Form No. 006 - 5/06



**GOVERNMENT EXHIBIT**
13

This is our final action on this above-numbered request. You may appeal my decision in this matter by writing within 60 days from the date of this letter, to the **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the envelope and the letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. § 16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure



**U.S. Department of Justice**

Office of Information and Privacy RECEIVED

2006 SEP 29 AM 11: 17

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Telephone: (202) 514-3642          Washington, D.C. 20530

SEP 2 8 2006

Mr. Russell Robinson
Register No. 04776-094
Metropolitan Detention Center          Re:     Appeal No. 06-2539
Post Office Box 2147                           Request No. 06-1715
San Juan, PR  00922-2147                       BVE:CL

Dear Mr. Robinson:

    You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to records pertaining to named third parties.

    After carefully considering your appeal, I am affirming EOUSA's action on your request.
EOUSA properly withheld records from you because they are protected from disclosure under
the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(7)(C).  This provision concerns
records or information compiled for law enforcement purposes the release of which could
reasonably be expected to constitute an unwarranted invasion of the personal privacy of third
parties.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

GOVERNMENT
EXHIBIT
C

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUSSELL E.D. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-2050 (EGS) |
| ATTORNEY GENERAL OF THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF WILLIAM C. LITTLE, JR.

1. I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

2. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

3. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

4. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are matters involving the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and Privacy Act (PA),

5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999, and November 18, 2003, I served as the DEA Privacy Officer.

5. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

6. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

7. Within the DEA office of Chief Counsel, I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, provide litigation support for matters arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party, and the adjudication Requests for Amendment of Records submitted to DEA, under the Privacy Act. .

8. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and perform all necessary legal research into issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

9. As the DEA Privacy Officer, I became familiar with, and provided support and guidance to DEA employees and offices, in matters relating to DEA's administration of the Privacy Act and the maintenance of DEA Privacy Act Systems of Records. The support also included the administration of DEA's Privacy Act System Notices and the training of DEA employees in FOIA and PA.

10. The purpose of this declaration is to respond to Plaintiff's complaint brought under the Freedom of Information and the Privacy Act.

11. In preparing this declaration, I read and am familiar with the complaint in the above entitled action. Also, I personally conducted a litigation review of the contents of the file and records maintained by the DEA Freedom of Information Operations Unit (SARO).

12. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

### SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

13. By letter dated October 14, 2005, the plaintiff requested "all the paperwork maintained by [DEA] that Documents [sic] Mr. [Ishmael "Chuka"] Brathwaite as a 'Cooperating Source', or 'confidential informant', attached to the HIDTA task force in St. Thomas [and] Miami,

Florida . . . " and "any paperwork that documents the Like [sic] registration of one Alvin 'Tatoo'

Hodge, and statements/information furnished. . . ." A copy of the plaintiff's letter dated October

14, 2005, is attached as Exhibit A.


14. By letter dated November 2, 2005, DEA acknowledged the receipt of the plaintiff's request.

Without confirming or denying the existence of records relating to Ishmael "Chuka" Brathwaite

and/or Alvin "Tatoo" Hodge,[1] the plaintiff was informed that DEA could not process his request

since it was necessary that proof of death or a release authorization was required before any

information would be released. The plaintiff was also provided his appellate rights. The DEA

determination was based on FOIA Exemptions (b)(6) and (b)(7)(C).[2] A copy of the DEA letter

dated November 2, 2005, is attached as Exhibit B.


15. By letter dated November 8, 2005, the plaintiff appealed the DEA determination to the

Department of Justice, Office of Information and Privacy (OIP). A copy of the plaintiff's letter

dated November 8, 2005, is attached as Exhibit C.

---

[1] DEA neglected to include the name Alvin "Tatoo" Hodge in the response. However, given that the plaintiff failed to provide proof of death or a release authorization from any individual about whom he requested records, sufficient information to overcome any individual's privacy interest or a showing of the waiver of the source privilege, the same analysis and denial of access to records applies to the records both individuals, if records exist.

[2] To the extent that the individuals about whom the records pertain may have been confidential sources, FOIA Exemptions (b)(7)(D) and (b)(7)(F) also apply.

16. By letter dated November 23, 2005, OIP acknowledged the receipt of the plaintiff's appeal. A copy of the OIP letter dated February 12, 2004, is attached as Exhibit D.

17. By letter dated November 14, 2006, OIP affirmed the DEA action citing FOIA Exemption (b)(7)(C) as the basis to withhold the information. A copy of the OIP determination dated November 14, 2006, is attached as Exhibit E.

## JUSTIFICATION FOR ADMINISTRATIVE ACTION

18. DEA is a component of the Department of Justice that performs as its principal function activity pertaining to the enforcement of criminal laws, specifically those activities related to the illicit trafficking in controlled substances and chemicals that include the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq*. See 28 C.F.R. § 0.100.

19. The principal functions performed by DEA include police efforts to prevent, control, or reduce crime or to apprehend criminals involved in the illicit trafficking of controlled substances and chemicals. Consistent with both PA Exemption (j)(2) and (k)(2), the records maintained in IRFS, and to the extent the matters relate to an individual that cooperates with DEA, the Planning and Inspection Records and the Operations Files, consist of (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders, identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; and, (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an

-5-

identifiable individual or (c) investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2).

20. The plaintiff's letter dated October 14, 2005, was construed as a request for criminal investigative and disciplinary records under the control and custody of DEA related to third-parties, and information related to the individuals' status as confidential sources. DEA investigative records, disciplinary records and records related to a confidential source are maintained in separate systems of records.

21. Any records deemed responsive to the plaintiff's FOIA request would be criminal investigative records. Those records are maintained in the DEA Investigative Reporting and Filing System, Operations Files and the Inspection and Planning Records to the extent that they involve possible criminal offenses, are criminal investigative records. The records were compiled during criminal law enforcement investigations by DEA.

22. If any such records exist, the investigative and disciplinary information related to Ishmael "Chuka" Brathwaite an/or Alvin "Tatoo" Hodge is reasonably likely to be contained or maintained in the DEA Investigative Reporting and Filing System, JUSTICE/DEA-008 (IRFS), and/or the DEA Planning and Inspection Division Records, JUSTICE/DEA-010, respectively. Information relative to the status of Ishmael "Chuka" Brathwaite and/or Alvin "Tatoo" Hodge as confidential sources, if any record exist, are reasonably likely to be found in the DEA Operations

Files, JUSTICE/DEA-011. No other systems of records maintained by DEA would reasonably be likely to contain the records the plaintiff requested.

23. The DEA Investigative Reporting and Filing System, JUSTICE/DEA-008, the DEA Planning and Inspection Division Records, JUSTICE/DEA-010, and the DEA Operations Files, JUSTICE/DEA-011, are Privacy Act Systems of records. Each system is exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). In accordance with the Privacy Act, notice that the systems are exempt from access, pursuant to 5 U.S.C. § 552a(j)(2) is published in the Department of Justice Agency Rules at 28 C.F.R. § 16.98.

24. As Privacy Act systems of records, except when exempt, the conditions of disclosure are, in pertinent part, pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, or providing proof of death, unless disclosure of the record would be required under the Freedom of Information Act, 5 U.S.C. § 552, or pursuant to the order of a court of competent jurisdiction.

25. The DOJ Agency Rules, 28 CFR § 16.3, also require as a requisite, in pertinent part, that when "making a request for records about another individual, either a written authorization signed by that individual permitting disclosure of those records to you or proof that the individual is deceased (example omitted) will help with the processing of your request."

26. Unless a request reasonably describes records and is filed in accordance with agency rules, including a promise to pay or a waiver of fees is requested, the request is not deemed to be a

-7-

proper request. Thus, in accordance with the Privacy Act and in conjunction with DOJ Agency

Rules, a third-party request for information is not a proper request, where the information is

maintained in a Privacy Act System of Records, unless proof of death or a written authorization

is provided, or unless release is required by the FOIA. When a request is not a proper request,

DEA does not search for, process or release records, or disclose information that would indicate

the existence or nonexistence of records.

27. To date, there is no record that the plaintiff provided proof of death or a written authorization

for release from Ishmael "Chuka" Brathwaite and/or Alvin "Tatoo" Hodge, no court order was

received by DEA, and, if records existed, release is not required by the Freedom of Information

Act, pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F)

28. Although not previously assert, DEA is claim FOIA Exemptions (b)(7)(D) and (b)(7)(F) to

the extent that, if the individuals were coded informants or information was provided where

confidentiality was implied, the information would be withheld.

## WITHHOLDING PURSUANT TO FOIA EXEMPTION (b)(7)
### Exemption (b)(7) Threshold

29. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention

and Control Act of 1970, 21 U.S.C. § 801, *et seq*. (hereinafter, the Act) which authorizes DEA to

enforce the Act through the investigation of incidences involving the illicit trafficking in

controlled substances, dangerous drugs and precursor chemicals and the violators who operate at

interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

### Exemption (b)(6) and (b)(7)(C) - Invasion of Privacy

30. The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Similarly, FOIA, 5 U.S.C. § 552 (b)(6), sets forth an exemption for personnel, and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

31. In making the determination to withhold information, the individuals' privacy interests are balanced against any discernible public interest in disclosure of an individual's identity or information related to an individual. The public interest in disclosure of the information is determined by whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce federal criminal and Controlled Substance Act statutes and/or how DEA conducts its internal operations and investigations. Where there is no legitimate public interest in the information withheld under exemption (b)(6) and/or (b)(7)(C), release of any information about an individual would constitute an unwarranted invasion of that agent's personal privacy.

-9-

32. Documents found in IRFS, the Inspection and Planning Records and the Operations Files generally relate to and contain the names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with criminal activity. The release of such information can have a potentially stigmatizing or embarrassing effect on the individuals and cause them to be subjected to unnecessary public scrutiny and scorn.

33. In this instance, the privacy interests outweighed any potential interest. The plaintiff has failed to assert and/or provide any information showing a public interest that would overcome the privacy interest of Ishmael "Chuka" Brathwaite and/or Alvin "Tatoo" Hodge, or any other individual. The plaintiff's unsupported allegation that the individuals testified at trial and/or committed perjury relates to the conduct of individuals and is not sufficient to show a waiver of the individual's privacy. The plaintiff's interest in the information is his own need and does not show a public interest in Government activities. Thus, disclosure of any information would be an unwarranted invasion of Ishmael "Chuka" Brathwaite's and/or Alvin "Tatoo" Hodge's personal privacy.

## Confidential Sources and Information Obtained from Confidential Source Exemption (b)(7)(D)

34. The FOIA, 5 U.S.C. § 552 (b)(7)(D), sets forth an exemption for the information compiled for law enforcement purposes the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source.

-10-

35.  Unlike Exemption (b)(6) and (b)(7)(C), there is no balancing test to employ with regard to

(b)(7)(D).  Exemption (b)(7)(D) is based upon a privilege.  The plaintiff failed to provide any

information that there was a public acknowledgment of the status of the individuals as sources of

information.  Moreover, the privilege was not waived simply because the individuals may have

testified in court.

### SAFETY OF INDIVIDUALS

36.  The FOIA, 5 U.S.C. § 552 (b)(7)(F), sets forth an exemption for records or information

compiled for law enforcement purposes the disclosure of which could reasonably be expected to

endanger the life or physical safety of an individual.

37.  Confidential sources approach and associate with violators in a covert capacity.  It has been

the experience of DEA that discovery of the identities of sources has, in the past, resulted in

several instances of physical attacks, threats, harassment, attempted murder and murder of

sources and individuals connected to them.  It may, therefore, be reasonably anticipated that

sources and individuals associated with the source would become targets of similar abuse if they

were identified as participants in DEA enforcement operations.

### THE USE OF THE GLOMAR RESPONSE

38.  DEA employs the "Glomar" response to respond to requests for investigative information

related to third-parties where no release authorization or proof of death is provided in order to

protect the privacy interests of the individuals, pursuant to FOIA Exemption (b)(6) and (b)(7)(C).

-11-

Merely confirming that any individual is mentioned in a DEA investigative record system is a disclosure under the Privacy Act and can have a potentially stigmatizing or embarrassing effect. As a result, simply confirming that DEA has records on the individual in its possession, in and of itself, would constitute a violation of an individual's privacy.

39. DEA has found that the "Glomar" response to "neither confirm nor deny" provides the best protection to those individuals about whom records are sought by third-party FOIA requesters and does not mislead a requester. The use of "neither confirm nor deny" is distinct from a "no record" response.

40. DEA typically uses "no record" as a response where, in fact, a search was undertaken and no records could be located based upon a requester's description of the record, the records requested are not "agency records," or the information falls within the FOIA Exclusion (c)(1). To use a "no record" response would leave in the requester's mind that records do not exist. Believing that no records existed, the requester would see no utility in obtaining the necessary release authorization or proof of death, in order to obtain otherwise releasable information.

41. DEA employs the "Glomar" type response relative to requests for information related to the identity of and information provided by confidential sources. DEA refrains from acknowledging the status of any individuals that is a source of information. Acknowledging an individual is a source is not required by FOIA Exemption (b)(7)(D) and (b)(7)(F), and Exclusion (c)(2) where

-12-

the informant's status has not been officially confirmed. Testimony of a source at trial does not

constitute public confirmation.

42. Denying the status of an individual as a confidential source would allow the requester,

through the process of elimination, to narrow the individual who may have provided information

and uncover the identity of any confidential source – expressed confidentiality--, even if the

individual merely assisted the Government and provided information-- implied confidentiality--

in the course of the investigation or prosecution through the process of elimination. Thus, DEA

uses the Glomar response to protect the identity of sources when requests are made under the

FOIA.

43. The subject of this declaration and the statements set forth herein are true and correct either

on the basis of my personal knowledge or on the basis of information acquired by me through the

performance of my official duties.

_May 22, 2007_
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537