IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
RUSSELL E.D. ROBINSON,                      )
                                                                    )
    Plaintiff,                                            )
                                                                    )
           v.                                              ) Civil Action No. 06-CV-2050 (EGS)
                                                                    )
ALBERTO GONZALES, et al.,                    )
                                                                    )
    Defendants.                                        )
_____ )

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S "AFFIDAVIT OF AGREEMENT TO CONSENSUAL JOINDER OF ADDITIONAL AGGRIEVED PLAINTIFF"

Defendants, through the undersigned, file this opposition to plaintiff Russell E.D. Robinson's recent filing which appears to seek the addition of a new party as plaintiff in this case. Plaintiff's filing, captioned as an Affidavit of Agreement to Consensual Joinder"[1] of Daniel Fenton Fleming (Pl. Motion for Joinder), whom plaintiff asserts was a co-defendant in plaintiff's criminal case, offers no legitimate basis for allowing the addition of Mr. Fleming as a party. This is a case brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. In the complaint, plaintiff challenges the responses of four Department of Justice components to his FOIA requests for information

---

[1] This filing by plaintiff has not been docketed. It was received by the U.S. Attorney's Office on July 19, 2007. To the extent the caption suggests that defendants have consented to the addition of Daniel Fenton Fleming as a plaintiff in this case, defendants emphatically state that they have not consented, and for the reasons contained in this opposition do not now consent, to the "joinder" of Mr. Fleming as a party.

directed to them. Plaintiff was the only requester in each case. On July 12, 2007, defendants filed a motion for summary judgment as to all four components. Dkt # 23. Plaintiff's opposition to that motion is due on August 15, 2007. *See* Dkt # 25.

Pursuant to Fed.R.Civ.P. 20(a), the Court may allow permissive joinder of parties as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all persons will arise in the action." Whether the particular circumstances warrant permissive joinder is left to the sound discretion of the district courts. *Carabillo v. Ullico, Inc.*, 357 F. Supp. 2d 249, 255 (D.D.C. 2004). But, the rule allowing permissive joinder of claims does not purport to extend the subject matter jurisdiction of the courts. *See* Fed.R.Civ.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."); *cf. Carabillo*, 357 F. Supp. 2d at 256 (holding same as to Fed. R. Civ. P. 18).

The basis for plaintiff's request that Mr. Fleming be added to this case appears to be that Mr. Fleming was a co-defendant in the criminal trial in the district court in the Virgin Islands wherein one of the subjects of plaintiff's FOIA requests testified. *See Pl. Motion for Joinder* at 1. Plaintiff continues that Mr. Fleming's direct appeal is scheduled for oral argument in December 2007 and plaintiff suggests that it would be a "manifest injustice" for Mr. Fleming to be denied the materials plaintiff sought in his requests. *Id.*

Clearly, this Court has no jurisdiction over a post-conviction appeal and plaintiff's filing does not state otherwise. Rather, plaintiff asserts that Mr. Fleming has a personal interest in the subject matter of plaintiff's FOIA requests and the outcome of this case. This is simply not enough to state a claim against the defendants much less to support Mr. Fleming's addition as a party. *See Gem Global Yield Fund Ltd. v. Surgilight, Inc., et al.*, 2006 WL 2389345 at *17-19 (S.D.N.Y.)(denying joinder under Rule 20(a) where claims were unrelated to the transactions at issue in the underlying case and presented no common issues of law or fact), *relying on, inter alia, Carabillo*, 357 F.Supp.2d at 255.

Moreover, it is well settled that the only party with standing to bring a FOIA suit is the requester whose request for records has been denied. *Zivotofsky v. Secretary of State*, 444 F.3d 614, 617 (D.C. Cir. 2006). Consequently, Mr. Fleming has no standing to join this suit to litigate the agency's handling of FOIA requests submitted solely by the plaintiff. *See McDonnell v. United States*, 4 F.3d 1227, 1236-37 (3d Cir.1993) (holding that "a person ... whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place"); *Three Forks Ranch Corp. v. The Bureau of Land Management,* 358 F.Supp.2d 1, 3 (D.D.C.2001) (noting that "an attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action"); *Maxxam, Inc. v. Federal Deposit Insurance Corporation,* No. 98-0989, 1999 WL 33912624, at *2 (D.D.C.

Jan.29, 1999) (holding that "plaintiff's attorney [who submitted the FOIA request], but not plaintiff, is the real party-in-interest to this suit").

Similarly, failure to file a FOIA request that comports with an agency's rules constitutes failure to exhaust administrative remedies, a necessary prerequisite to bringing a FOIA action in district court. *See Church of Scientology v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986). Clearly, the fact that Mr. Fleming did not submit *any* FOIA request would constitute a failure to exhaust administrative remedies that would preclude him from pursuing his own claim against defendants.

Finally, even if there was a basis to join Mr. Fleming as a party, the Court should exercise its discretion to decline to do so at this stage in the case. A dispositive motion is pending and Mr. Fleming's appearance in the case would add nothing to the resolution of that motion while it would introduce wholly irrelevant issues regarding his appeal of his criminal conviction. In the FOIA context, the court has consistently refused to recognize any public interest in the disclosure of materials a requester is seeking for the purpose of challenging a criminal conviction. *See, e.g., Taylor v. U.S. Department of Justice*, 257 F. Supp. 2d 101, 110 (D.D.C. 2003) (no public interest in disclosure of third-party information that requester asserted might assist him in challenging his conviction). Accordingly, joining Mr. Fleming would do nothing to advance the resolution of this case.

CONCLUSION

For the reasons set forth above, the Court should deny plaintiff's request to join Mr. Fleming as a plaintiff.

>Respectfully submitted,
>   /s/
>JEFFREY A. TAYLOR, D.C. BAR # 498610
>United States Attorney
>   /s/
>RUDOLPH CONTRERAS, D.C. BAR # 434122
>Assistant United States Attorney
>   /s/
>MADELYN E. JOHNSON, DC Bar #292318
>Assistant United States Attorney
>U.S. Attorney's Office, Rm  E4114
>555 4th Street, N.W.
>Washington, D.C.  20530
>*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on July 30, 2007, plaintiff was served with a copy of the foregoing Motion for Summary Judgement via first-class mail postage prepaid and addressed:

Russell Robinson
#04776-094
Federal Correctional Institute
P.O. Box 779800
Miami, FL 33177

and

Russell Robinson
SPC C/O P.O. Box 302402
St. Thomas, USVI 00803


_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135