IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
RUSSELL E.D. ROBINSON,                              )
                                                    )
          Plaintiff,                                )
                                                    )
                    v.                              )  Civil Action No. 06-CV-2050 (EGS)
                                                    )
ALBERTO GONZALES, et al.,                           )
                                                    )
          Defendants.                               )
_____            )

DEFENDANTS' NOTICE OF FILING OF CORRECTED EXHIBIT 4
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT


        PLEASE TAKE NOTICE that defendant is refiling the attached Declaration of

William C. Little, Jr. which was originally filed as Exhibit 4 to Defendants' Motion for

Summary Judgement in the above-captioned case.  *See Dkt. # 23.*   The text of the

declaration, filed to support the motion for summary judgement on claims against the

Drug Enforcement Administration (DEA), is unchanged.  However, it has come to the

attention of the undersigned that the declaration was filed without its exhibits.[1]

_____

[1] The exhibits to the declaration consist of copies of correspondence to and from
plaintiff, specifically:  plaintiff's Freedom of Information Act (FOIA) request to the DEA dated
October 14, 2005; DEA's response to plaintiff dated November 2, 2005; plaintiff's appeal to the
Office of Information and Privacy (OIP) dated November 8, 2005; OIP's acknowledgment of
receipt of the appeal letter dated November 23, 2005; and OIP's final response to plaintiff dated
November 14, 2006.  As plaintiff has copies of all of this correspondence, this substitution
should cause no prejudice to him.  Defendant further notes that the Little Declaration, at ¶ 16,
includes both the correct date and an incorrect date (February 12, 2004) for the OIP letter of
acknowledgment.  As the referenced exhibit shows, the correct date is November 23, 2005.
There was no letter dated February 12, 2004, a date that preceded plaintiff's initial FOIA request.

Accordingly, defendant is refiling the declaration with the exhibits attached in

substitution for the Exhibit 4 originally filed with the motion.

                                        Respectfully submitted,
                                            /s/
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney
                                          /s/
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney
                                        /s/
                                        MADELYN E. JOHNSON, DC Bar #292318
                                        Assistant United States Attorney
                                        U.S. Attorney's Office, Rm  E4114
                                        555 4th Street, N.W.
                                        Washington, D.C.  20530
                                        *(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on August 9, 2007, plaintiff was served with a copy of the

foregoing Notice of Filing of Corrected Exhibit 4 In Support of Defendants' Motion for

Summary Judgment via first-class mail postage prepaid and addressed:


Russell Robinson
#04776-094
Federal Correctional Institute
P.O. Box 779800
Miami, FL 33177

and

Russell Robinson
SPC C/O P.O. Box 302402
St. Thomas, USVI 00803


/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

RUSSELL E.D. ROBINSON,   )
          )
    **Plaintiff,**   )
          )
   **v.**      )
          )  **Civil Action No. 06-2050 (EGS)**
ATTORNEY GENERAL OF THE UNITED )
 STATES,       )
          )
    **Defendant.**   )
———————————————————— )

## <u>DECLARATION OF WILLIAM C. LITTLE, JR.</u>

1. I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

2. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

3. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

4. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552, and Privacy Act (PA),

5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999, and November 18, 2003, I served as the DEA Privacy Officer.

5. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

6. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

7. Within the DEA office of Chief Counsel, I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, provide litigation support for matters arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party, and the adjudication Requests for Amendment of Records submitted to DEA, under the Privacy Act. .

8. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and perform all necessary legal research into issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

9. As the DEA Privacy Officer, I became familiar with, and provided support and guidance to DEA employees and offices, in matters relating to DEA's administration of the Privacy Act and the maintenance of DEA Privacy Act Systems of Records. The support also included the administration of DEA's Privacy Act System Notices and the training of DEA employees in FOIA and PA.

10. The purpose of this declaration is to respond to Plaintiff's complaint brought under the Freedom of Information and the Privacy Act.

11. In preparing this declaration, I read and am familiar with the complaint in the above entitled action. Also, I personally conducted a litigation review of the contents of the file and records maintained by the DEA Freedom of Information Operations Unit (SARO).

12. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

13. By letter dated October 14, 2005, the plaintiff requested "all the paperwork maintained by [DEA] that Documents [sic] Mr. [Ishmael "Chuka"] Brathwaite as a 'Cooperating Source', or 'confidential informant', attached to the HIDTA task force in St. Thomas [and] Miami,

Florida . . . " and "any paperwork that documents the Like [sic] registration of one Alvin 'Tatoo'

Hodge, and statements/information furnished. . . ." A copy of the plaintiff's letter dated October

14, 2005, is attached as Exhibit A.


14.  By letter dated November 2, 2005, DEA acknowledged the receipt of the plaintiff's request.

Without confirming or denying the existence of records relating to Ishmael "Chuka" Brathwaite

and/or Alvin "Tatoo" Hodge,[1] the plaintiff was informed that DEA could not process his request

since it was necessary that proof of death or a release authorization was required before any

information would be released. The plaintiff was also provided his appellate rights. The DEA

determination was based on FOIA Exemptions (b)(6) and (b)(7)(C).[2] A copy of the DEA letter

dated November 2, 2005, is attached as Exhibit B.


15.  By letter dated November 8, 2005, the plaintiff appealed the DEA determination to the

Department of Justice, Office of Information and Privacy (OIP). A copy of the plaintiff's letter

dated November 8, 2005, is attached as Exhibit C.

---

[1] DEA neglected to include the name Alvin "Tatoo" Hodge in the response. However, given that the plaintiff failed to provide proof of death or a release authorization from any individual about whom he requested records, sufficient information to overcome any individual's privacy interest or a showing of the waiver of the source privilege, the same analysis and denial of access to records applies to the records both individuals, if records exist.

[2] To the extent that the individuals about whom the records pertain may have been confidential sources, FOIA Exemptions (b)(7)(D) and (b)(7)(F) also apply.

16. By letter dated November 23, 2005, OIP acknowledged the receipt of the plaintiff's appeal. A copy of the OIP letter dated February 12, 2004, is attached as Exhibit D.

17. By letter dated November 14, 2006, OIP affirmed the DEA action citing FOIA Exemption (b)(7)(C) as the basis to withhold the information. A copy of the OIP determination dated November 14, 2006, is attached as Exhibit E.

## JUSTIFICATION FOR ADMINISTRATIVE ACTION

18. DEA is a component of the Department of Justice that performs as its principal function activity pertaining to the enforcement of criminal laws, specifically those activities related to the illicit trafficking in controlled substances and chemicals that include the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* See 28 C.F.R. § 0.100.

19. The principal functions performed by DEA include police efforts to prevent, control, or reduce crime or to apprehend criminals involved in the illicit trafficking of controlled substances and chemicals. Consistent with both PA Exemption (j)(2) and (k)(2), the records maintained in IRFS, and to the extent the matters relate to an individual that cooperates with DEA, the Planning and Inspection Records and the Operations Files, consist of (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders, identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; and, (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an

–5–

identifiable individual or (c) investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2).

20. The plaintiff's letter dated October 14, 2005, was construed as a request for criminal investigative and disciplinary records under the control and custody of DEA related to third-parties, and information related to the individuals' status as confidential sources. DEA investigative records, disciplinary records and records related to a confidential source are maintained in separate systems of records.

21. Any records deemed responsive to the plaintiff's FOIA request would be criminal investigative records. Those records are maintained in the DEA Investigative Reporting and Filing System, Operations Files and the Inspection and Planning Records to the extent that they involve possible criminal offenses, are criminal investigative records. The records were compiled during criminal law enforcement investigations by DEA.

22. If any such records exist, the investigative and disciplinary information related to Ishmael "Chuka" Brathwaite an/or Alvin "Tatoo" Hodge is reasonably likely to be contained or maintained in the DEA Investigative Reporting and Filing System, JUSTICE/DEA-008 (IRFS), and/or the DEA Planning and Inspection Division Records, JUSTICE/DEA-010, respectively. Information relative to the status of Ishmael "Chuka" Brathwaite and/or Alvin "Tatoo" Hodge as confidential sources, if any record exist, are reasonably likely to be found in the DEA Operations

Files, JUSTICE/DEA-011. No other systems of records maintained by DEA would reasonably be likely to contain the records the plaintiff requested.

23. The DEA Investigative Reporting and Filing System, JUSTICE/DEA-008, the DEA Planning and Inspection Division Records, JUSTICE/DEA-010, and the DEA Operations Files, JUSTICE/DEA-011, are Privacy Act Systems of records. Each system is exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). In accordance with the Privacy Act, notice that the systems are exempt from access, pursuant to 5 U.S.C. § 552a(j)(2) is published in the Department of Justice Agency Rules at 28 C.F.R. § 16.98.

24. As Privacy Act systems of records, except when exempt, the conditions of disclosure are, in pertinent part, pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, or providing proof of death, unless disclosure of the record would be required under the Freedom of Information Act, 5 U.S.C. § 552, or pursuant to the order of a court of competent jurisdiction.

25. The DOJ Agency Rules, 28 CFR § 16.3, also require as a requisite, in pertinent part, that when "making a request for records about another individual, either a written authorization signed by that individual permitting disclosure of those records to you or proof that the individual is deceased (example omitted) will help with the processing of your request."

26. Unless a request reasonably describes records and is filed in accordance with agency rules, including a promise to pay or a waiver of fees is requested, the request is not deemed to be a

proper request. Thus, in accordance with the Privacy Act and in conjunction with DOJ Agency Rules, a third-party request for information is not a proper request, where the information is maintained in a Privacy Act System of Records, unless proof of death or a written authorization is provided, or unless release is required by the FOIA. When a request is not a proper request, DEA does not search for, process or release records, or disclose information that would indicate the existence or nonexistence of records.

27. To date, there is no record that the plaintiff provided proof of death or a written authorization for release from Ishmael "Chuka" Brathwaite and/or Alvin "Tatoo" Hodge, no court order was received by DEA, and, if records existed, release is not required by the Freedom of Information Act, pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F)

28. Although not previously assert, DEA is claim FOIA Exemptions (b)(7)(D) and (b)(7)(F) to the extent that, if the individuals were coded informants or information was provided where confidentiality was implied, the information would be withheld.

## **WITHHOLDING PURSUANT TO FOIA EXEMPTION (b)(7)**
### **Exemption (b)(7) Threshold**

29. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.* (hereinafter, the Act) which authorizes DEA to enforce the Act through the investigation of incidences involving the illicit trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at

interstate and international levels; seize and forfeit assets derived from, traceable to, or intended

to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange

information in support of drug traffic prevention and control.

## Exemption (b)(6) and (b)(7)(C) - Invasion of Privacy

30.  The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information

compiled for law enforcement purposes the disclosure of which could reasonably be expected to

constitute an unwarranted invasion of personal privacy.  Similarly, FOIA, 5 U.S.C. § 552 (b)(6),

sets forth an exemption for personnel, and medical files and similar files the disclosure of which

would constitute a clearly unwarranted invasion of personal privacy.

31.  In making the determination to withhold information, the individuals' privacy interests are

balanced against any discernible public interest in disclosure of an individual's identity or

information related to an individual.  The public interest in disclosure of the information is

determined by whether the information in question would inform the plaintiff or the general

public about DEA's performance of its mission to enforce federal criminal and Controlled

Substance Act statutes and/or how DEA conducts its internal operations and investigations.

Where there is no legitimate public interest in the information withheld under exemption (b)(6)

and/or (b)(7)(C), release of any information about an individual would constitute an unwarranted

invasion of that agent's personal privacy.

–9–

32. Documents found in IRFS, the Inspection and Planning Records and the Operations Files generally relate to and contain the names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with criminal activity. The release of such information can have a potentially stigmatizing or embarrassing effect on the individuals and cause them to be subjected to unnecessary public scrutiny and scorn.

33. In this instance, the privacy interests outweighed any potential interest. The plaintiff has failed to assert and/or provide any information showing a public interest that would overcome the privacy interest of Ishmael "Chuka" Brathwaite and/or Alvin "Tatoo" Hodge, or any other individual. The plaintiff's unsupported allegation that the individuals testified at trial and/or committed perjury relates to the conduct of individuals and is not sufficient to show a waiver of the individual's privacy. The plaintiff's interest in the information is his own need and does not show a public interest in Government activities. Thus, disclosure of any information would be an unwarranted invasion of Ishmael "Chuka" Brathwaite's and/or Alvin "Tatoo" Hodge's personal privacy.

## Confidential Sources and Information Obtained from Confidential Source Exemption (b)(7)(D)

34. The FOIA, 5 U.S.C. § 552 (b)(7)(D), sets forth an exemption for the information compiled for law enforcement purposes the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source.

35. Unlike Exemption (b)(6) and (b)(7)(C), there is no balancing test to employ with regard to (b)(7)(D). Exemption (b)(7)(D) is based upon a privilege. The plaintiff failed to provide any information that there was a public acknowledgment of the status of the individuals as sources of information. Moreover, the privilege was not waived simply because the individuals may have testified in court.

## SAFETY OF INDIVIDUALS

36. The FOIA, 5 U.S.C. § 552 (b)(7)(F), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.

37. Confidential sources approach and associate with violators in a covert capacity. It has been the experience of DEA that discovery of the identities of sources has, in the past, resulted in several instances of physical attacks, threats, harassment, attempted murder and murder of sources and individuals connected to them. It may, therefore, be reasonably anticipated that sources and individuals associated with the source would become targets of similar abuse if they were identified as participants in DEA enforcement operations.

## THE USE OF THE GLOMAR RESPONSE

38. DEA employs the "Glomar" response to respond to requests for investigative information related to third-parties where no release authorization or proof of death is provided in order to protect the privacy interests of the individuals, pursuant to FOIA Exemption (b)(6) and (b)(7)(C).

Merely confirming that any individual is mentioned in a DEA investigative record system is a disclosure under the Privacy Act and can have a potentially stigmatizing or embarrassing effect. As a result, simply confirming that DEA has records on the individual in its possession, in and of itself, would constitute a violation of an individual's privacy.

39. DEA has found that the "Glomar" response to "neither confirm nor deny" provides the best protection to those individuals about whom records are sought by third-party FOIA requesters and does not mislead a requester. The use of "neither confirm nor deny" is distinct from a "no record" response.

40. DEA typically uses "no record" as a response where, in fact, a search was undertaken and no records could be located based upon a requester's description of the record, the records requested are not "agency records," or the information falls within the FOIA Exclusion (c)(1). To use a "no record" response would leave in the requester's mind that records do not exist. Believing that no records existed, the requester would see no utility in obtaining the necessary release authorization or proof of death, in order to obtain otherwise releasable information.

41. DEA employs the "Glomar" type response relative to requests for information related to the identity of and information provided by confidential sources. DEA refrains from acknowledging the status of any individuals that is a source of information. Acknowledging an individual is a source is not required by FOIA Exemption (b)(7)(D) and (b)(7)(F), and Exclusion (c)(2) where

the informant's status has not been officially confirmed. Testimony of a source at trial does not constitute public confirmation.

42. Denying the status of an individual as a confidential source would allow the requester, through the process of elimination, to narrow the individual who may have provided information and uncover the identity of any confidential source – expressed confidentiality--, even if the individual merely assisted the Government and provided information-- implied confidentiality-- in the course of the investigation or prosecution through the process of elimination. Thus, DEA uses the Glomar response to protect the identity of sources when requests are made under the FOIA.

43. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

_May 22, 2007_
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537

# EXHIBIT A

<u>October,14th,2005.</u>

Russell E.D. Robinson,04776-094,2C
Metropolitan detention Center
P.O.Box 2147
San juan,P.R. 00922-2147

Drug Enforcement Administration
Freedom Of Information Operations Unit
DEA
Department of Justice
700 Navy Drive
Arlington,VA.22202

RE:Information request pursuant to FOIA Act,5 USC Sec.552.

Pursuant to **18 USC Sec. 1001**,I hereby state under the penalty of perjury,
that the following is true,accurate and correct based upon information and
belief;and my herein contained requests are based on this information.
1)Ishmael "Chuku" Brathwaite testified in a Federal Criminal case,# 2004-05
-F-02,in the District court of the Virgin Islands,Division of St.Croix.He
testified to event/s sworn to in a criminal affidavit by DEA S/A Joseph
Tokarz:and was refered to as CS2 in that Affidavit and numerous DEA 6's
furnished Via the discovery.
2)**I NOW UNEQUVOCALLY ASSERT THAT THIS TESTIMONY OF MR.BRATHWAITE WAS FRAUD-
ULENT,PERJURED,AND MANUFACTURED:SIMPLY BECAUSE HE WAS <u>NOT</u> THE CS2 REFERED
TO IN THE AFFIDAVIT AND DEA 6'S.**
3)I therefore request <u>ALL</u> the paperwork maintained by your agency that
Documents Mr.Brathwaites registration as a "Cooperating Source",or "confidenti
Informant",attached to the HIDTA task force in St.Thomas&Miami Florida where
he currently lives;and S/A.agent Joseph Tokarz is assigned.
4)I also request any paperwork that documents the Like registration of a
one Alvin "Tatoo" Hodge,and statements/information furnished in relation
to above referenced case.
5)Under the penalty of perjury,I hereby state I was an aggrieved party to
this prosecution,and I am the person making this requests,(as above):I
consider any denial/obstruction of this pertinent information to be a
Violation of my Constitutional Due Process Rights.I certify that all the
information requested is factually pertinent to matters Geramne to my proof
of innocence in the above referenced Federal criminal Matter,and I look Fowar
to an expedited response,in that court Filings await their arrival.END.

*Russell E.D. Robinson, 04776—094*
Russell E.D. Robinson,04776-094
This date,October,14th,2005,in the City of San Juan,puerto Rico

# EXHIBIT B



**U.S. Departm    : of Justice**
Drug Enforcement Administration

---

November 2, 2005

*Case Number: 06-0070-F*

*Subject : INFORMATION ON THIRD-PARTY: BRATHWAITE, ISHMAEL "CHUKU"*

Russell E.D. Robinson #04776-094
Metropolitan Detention Center
P.O. Box 2147
San Juan, PR 00922-2147

Dear Russell E.D. Robinson:

Your Freedom of Information Act request pertaining to another individual has been received and will not be processed by the Drug Enforcement Administration. This response neither confirms nor denies the existence of any requested records regarding *Ishmael "Chuku" Brathwaite*. Before DEA can begin processing your request, it will be necessary for you to provide either proof of death or an original notarized authorization (privacy waiver) from that person. A form is enclosed to assist you with meeting this requirement.

Proof of death can be a copy of a notarized death certificate, obituary, or a recognized reference source. Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA – permitting the DEA to release personal information (about the person executing the waiver) from its files. The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit either a copy of the proof of death or an original notarized authorization directly to the DEA, we will conduct a search of our records. In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

Without proof of death or an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

If you wish to appeal this response, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal":

> CO-DIRECTOR
> OFFICE OF INFORMATION AND PRIVACY
> FLAG BUILDING, SUITE 570
> WASHINGTON, D.C. 20530

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosure

# EXHIBIT C

*rec'd 11-18-05*

06-0513 *PA/PAR @ DEN*

November,8th,2005.

Russell E.D. Robinson,04776-094,2C:SS#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.
Metropolitan Detention Center
P.O. Box 2147
San Juan,P.R.00922-2147
~e Director

Co-Director
Office of Information and Privacy
Flag Building,Suite 570
Washington,D.C.20530

OFFICE OF INFORMATION
AND PRIVACY

NOV 18 2005

RECEIVED

RE:FOIA/PA Appeal:Case # <u>06-0070-F</u>

Dear Katherine Myrick,

I am in receipt of your letter dated November, 2nd,2005.I appeal it's decision,because it is **LUDRICOUS**.How or what is the DEA implying or trying to imply by indicating that..."it will be necessary for you to provide either <u>**PROOF OF DEATH**,or an original</u> notarised authorisation...."

The records that I requested were **DISCOVERABLE TO ME PRETRIAL, PURSUANT TO THE SUPREME COURT RULE ESTABLISHED IN "BRADY V.MARYLAND"** under the **"JENCKS" AND "GIGLIO" RULES**.This was not done.Ishmael "Chuku" Brathwaite was allowed to testify to fabricated evidence **WITH THE FULL KNOWING AND CONCURRENCE OF DEA AGENT (S/A),JOSEPH TOKARZ,IN CR:2004-05;in the district court of the Virgin Islands, division of St.Croix,on or about July 11th,2005,to August 4th,2005.**

FURTHER DENIALS/DELAYS WILL BE CONSTRUED AS A DELAY OR OBSTRUCTION OF JUSTICE:AND BE REMIDIED WITH A "BIVENS" ACTION TO FORCE DISCLOSURE I anticipate an amicable solution to this request in light of the fact that this information is needed only to supplement **COURT FILINGS, AND PRESERVE MY CONSTITUTIONAL RIGHTS;<u>LEGALLY</u>.**

Respectfully Submitted,

*Russell E.D. Robinson, 04776-094; 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*
Russell E.D. Robinson,04776-094;SS#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.

<u>**AFFIDAVIT IN SUPPORT OF PRECEDING LETTER**</u>
I Russell E.D. Robinson,USM # 04776-094;SS#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,states under the penalty of perjury,pursuant to **USC 28 § 1746(2),USC 18§1621**,do unequivocally state that the facts recited in the preceding letter are true,accurate,and correct,upon information,received from a source of information that has provided accurate,verifiable information on at least Five,(5),previous occassions,and DEA 6's and other reports provided via discovery in the above referenced case.END.Executed this date,November,8th,2005,in the City of San Juan,Puerto Rico.Affiant, further sayeth Naught.END. *Russell E.D. Robinson, 04776-094; 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.*
Russell E.D.Robinson,04776-094;SS#580-19-505

# EXHIBIT D



**U.S. Departmen. . Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

NOV 2 3 2005    A-023. 06

Mr. Russell E.D. Robinson
Register No. 04776-094, 2C
Metropolitan Detention Center
P.O. Box 2147
San Juan, PR 00922-2147

     Re:  Request No. 06-0070-F

Dear Mr. Robinson:

     This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration on your request for information from the files of the Department of Justice was received by this Office on November 18, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-0513**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

DEA

# EXHIBIT E



**U.S. Departm    of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                        _Washington, D.C. 20530_


Mr. Russell E.D. Robinson                    **NOV 1 4 2006**
Register No. 04776-094
Metropolitan Detention Center                Re:  Appeal No. 06-0513
Post Office Box 2147                              Request No. 06-0070-F
San Juan, PR  00922-2147                          BVE:GLB:CL

Dear Mr. Robinson:

        You appealed from the action of the Drug Enforcement Administration (DEA) on your
request for access to records pertaining to Ishmael "Chuku" Brathwaite.

        After carefully considering your appeal, I am affirming DEA's action in refusing to
confirm or deny the existence of the records you requested.  Without consent, proof of death,
official acknowledgment of an investigation, or an overriding public interest, confirming or
denying the existence of law enforcement records concerning an individual could reasonably be
expected to constitute an unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(7)(C).

        Furthermore, you assert that you are entitled to the material you request pursuant to Brady
v. Maryland, 373 U.S. 83 (1963).  Please be advised that Brady v. Maryland has no applicability
to FOIA requests.  See Johnson v. United States Department of Justice, 758 F. Supp. 2,
5 (D.D.C. 1991).

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                Sincerely,


                                Daniel J. Metcalfe
                                Director