UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL E.D. ROBINSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  06-2050 (EGS) |
| ) | |
| **ATTORNEY GENERAL** ) | |
| **OF THE UNITED STATES, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Defendants, by and through the undersigned, and pursuant to the Court's Order of February 14, 2008, file this renewed motion for summary judgment addressing the remaining issues in this case brought under the Freedom of Information Act, 5 U.S.C. § 552, *et seq*.

The Court is respectfully referred to the accompanying Statement of Material Facts as to which there is no genuine dispute; the Memorandum of Points and Authorities in Support,  Declaration of Wilson J. Moorer, and the Supplemental Declaration of William E. Bordley, in further support of this motion.  Defendants also incorporate by reference relevant portions of the record as a whole – and specifically defendants' prior motion.

WHEREFORE, the Court should dismiss the remaining claims against the defendants.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm E4114
555 4th Street, N.W.
Washington, D.C. 20530
*(202) 514-7135*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL E.D. ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.  06-2050 (EGS) |
| ) | |
| **ATTORNEY GENERAL** ) | |
| **OF THE UNITED STATES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to the District Court's Memorandum Opinion and Order dated February 14, 2008, defendants file this Renewed Motion for Summary Judgment regarding the two issues remaining in this case brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et sec*.  The Court directed defendants to address two matters:  (1) to further explain the United States Marshals Service (USMS) reliance on Exemption (b)(2) to withhold certain information and the segregability of the withheld information; and (2) for the Bureau of Prisons (BOP) to address its processing and response to plaintiff.  *See* Order dated February 14, 2008 (Dkt. # 33).  In all other respects, the District Court's decision granted defendants' motion for summary judgment and denied plaintiff's motion.  *See* Memorandum Opinion (Dkt ##32), *published at, Robinson v. Attorney General*, 534 F.Supp.2d 72 (D.D.C. 2008).  .

Since on or about September 2005, through FOIA requests to relevant components of the Department of Justice, plaintiff sought various documents that he stated consisted of *Brady* exculpatory evidence, impeachment material, information regarding individuals plaintiff identified as confidential informants, and other such materials related to plaintiff's criminal trial and conviction. *See* Complaint at 1-2; *Robinson*, 534 F.Supp.2d at 76-78. From the USMS, plaintiff also sought documents regarding his transport by the USMS during and after his trial, as well as the removal of Mr. Hector Rivera, Sr. from the courtroom. *Id.* Dissatisfied with the responses plaintiff received to his FOIA requests, he initiated this civil action.

The Court has granted summary judgment to the Executive Office for U.S. Attorneys, the Federal Bureau of Investigation, and the Drug Enforcement Administration. The Court also upheld the adequacy of the USMS search and its invocation of Exemption (b)(7)(C) but concluded that further explanation was necessary to support its reliance on FOIA Exemption (b)(2) and to establish that no additional information could reasonably be segregated and released. Moreover, the Court observed that the defendants' motion failed to address the BOP's treatment of plaintiff's FOIA request. Accordingly, the Court denied, without prejudice, defendants motion with regard to these remaining issues and instructed defendants to address them in a renewed motion for summary judgment.

As demonstrated in the attached declarations and as discussed below, the Court should grant defendants' renewed motion for summary judgment. The fuller description of the information that the USMS withheld pursuant to Exemption (b)(2) demonstrates that the exemption was properly applied. The USMS has also explained why it would be impracticable to further segregate any information for release. The BOP's role with regard to plaintiff's requests consisted of processing the referral of four pages from the USMS. The disposition of the referral is described in the declaration of Wilson J. Moorer (Moorer Decl.). Moreover, the assertion of exemptions to withhold limited information pursuant to Exemption (b)(7)(C) was proper. Accordingly, for the reasons set herein, the Court should grant this renewed motion for summary judgment. Defendants also incorporate relevant portions of their original motion for summary judgment and exhibits thereto.

## I.  STANDARD OF REVIEW

The standard of review for summary judgment motions in FOIA cases is well-established and set forth in the Court's February 14, 2008 decision. As the Court observed, the moving party bears the burden of demonstrating the absence of any genuine issue of material fact. *Id.* at 78; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To obtain summary judgment in a FOIA action, the agency must demonstrate that there is no genuine issue of material fact with regard to its compliance with the FOIA and it may do so through affidavits or declarations that describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within

the claimed exemption, and that are not controverted by either contrary evidence in the record or by evidence of agency bad faith. *See* Memorandum Opinion at 5, and cases cited.

Here, both the USMS and the BOP satisfy that standard.

## II.  DISCUSSION

### A.  Bureau of Prisons

With regard to the plaintiff's FOIA requests at issue in this case, the BOP's involvement stems from the referral to it from the USMS of four documents. The BOP FOIA Office received the referral of 4 pages of documents from the USMS on April 27, 2006. *See Declaration of Wilson J. Moorer (Moorer Decl.) § 4; Exh. A, thereto*. The referral was logged and assigned FOIA request Number 2006-06110, and the BOP Central Office notified plaintiff that his FOIA request had been received and assigned a FOIA Request Number. *See id.; Exh. B, thereto*. By letter dated July 12, 2006, the BOP responded to plaintiff's FOIA request as follows: 2 pages of the referred documents were released in their entirety, 1 page was released with redactions pursuant to FOIA Exemption (b)(7)(C), and the remaining 1 page of information, entitled Statement of Reasons (a document from the court memorializing its reasons for determining not to depart from the sentence called for by application of the guidelines), was made available to

plaintiff at his current institution. *Moorer Decl. at ¶ 5.*[1] Plaintiff was instructed to contact a member of his Unit Team to gain access to that document. *Id.*[2]

Exemption (b)(7)(C) was correctly applied to the one line of text withheld from plaintiff – and this is all that was withheld. The redacted document is a memorandum dated January 2, 2001, from the BOP to the USMS listing two individuals and the federal institutions to which they have been designated. One of the listed individuals is plaintiff. The other individual's name, identifying BOP number, and the institution to which that individual was to go have been deleted pursuant to Exemption (b)(7)(C). *See* Moorer Decl. ¶ 7. Exemption (7)(C) of the FOIA protects from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations . . . ." *Mittleman v. Office of Personnel Management*, 76 F.3d 1240, 1243 (D.C. Cir. 1996), citing *Pratt v. Webster*, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982). When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." *Keys v. U.S. Dep't of*

---

[1] Release of presentence reports in this manner comports with the requirements of the FOIA. *See Martinez f. Bureau of Prisons*, 444 F.3d 620 (D.C. Cir. 2006).

[2] Exhibit D consists of the four referred documents as released to plaintiff. Because one of the documents is a medical record and the other is part of a pre-sentence report, and out of an abundance of caution, defendants intend to file copies of the referred documents with the Court *in camera* or under seal as the Court may direct. Defendants will file a motion to that end.

*Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987), citing *Pratt*, 673 F.2d at 418. A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" *Keys*, 830 F.2d at 340, quoting *Pratt*, 673 F.2d at 421. Here, the document relates to the BOP's transfer of individuals in its custody. BOP has long been recognized as a law enforcement agency. *See, e.g., Butler v. Federal Bureau of Prisons*, 2005 WL 3274573, at *3 (D.D.C. 2005)(finding BOP is a law enforcement agency). Likewise, its responsibilities to preserve the security and orderly management of its institutions and to protect the public both satisfy the exemption's law enforcement requirement. *See, e.g., Pendergrass v. Department of Justice*, 2005 WL 1378724, at *4 (D.D.C. 2005). The BOP list of names and institutions to which each is being transferred falls comfortably within that arena as on its face, it demonstrates that its purpose is to keep track of the movements of incarcerated persons and ensure that they are transferred to the correct federal facility. *See* Exhibit D.

With regard to the specific information withheld – the identity and destination of a prisoner – courts have consistently held that Exemption (b)(7)(C) protects the identities of individuals mentioned in law enforcement records, such as suspects, confidential informants, and other persons of investigatory interest. *Reporters Committee*, 489 U.S. at, 780; *Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897, 904 (D.C. Cir. 1996) (noting "'strong interest of individuals, whether they be suspects,

witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity'", quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990)). Indeed, an agency may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. *Reporters Committee*, 489 U.S. at 780; *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); *SafeCard Services*, 926 F.2d at 1206. Here, of course, the individual mentioned in the BOP memorandum is not a witness or informant but is a prisoner. Still, even convicted individuals maintain a privacy interest in public disclosure of their names and place of incarceration. Moreover, before release, the privacy interest protected by Exemption (b)(7)(C) must be weighed against the magnitude of any recognized public interest that would be served by disclosure.

Here, the privacy interest is undiluted when balanced against the nonexistent public interest in disclosure in this case; indeed, the name and destination of the third-party are not even responsive to plaintiff's request, which concerns plaintiff's own conviction, much less revealing of any topic of public interest that would be served by disclosure. *Cf., e.g., Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002) (finding that plaintiff's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest");[2] *Taylor v. U.S. Dep't of Justice*, 257 F. Supp. 2d

---

[2] *vacated & remanded*, 541 U.S. 970, *on remand*, 378 F.3d 1115 (D.C. Cir.) (reaffirming prior decision), *reh'g denied*, 386 F.3d 273 (D.C. Cir. 2004), *cert. denied*, 544 U.S. 983 (2005).

101, 110 (D.D.C. 2003) (finding no public interest in disclosure of third-party information that requester asserted might assist him in challenging his conviction).

Finally, plaintiff does not appear to be interested in this type of material in any event. *See Robinson v. Attorney General, et al.*, 534 F.Supp.2d at 82. Accordingly, the Court should grant defendants summary judgment as to all claims against the BOP.

### B.  United States Marshals Service

The Court directed the USMS to address two issues with regard to its response to plaintiff's FOIA request: first, a fuller explanation of the USMS assertion of Exemption (b)(2); and, second, segregability. *See, Robinson*, 534 F.Supp.2d at 80, 84. The Supplemental Declaration of William E. Bordley addressed both.[3]

#### i.  Exemption (b)(2)

Pursuant to the Court's opinion, the USMS re-examined the documents with respect to the application of Exemption (b)(2). Initially, the exemption was applied to information withheld under both the "high" (b)(2) and the "low" (b)(2). Bordley Decl. at § 4.[4] After review, however, the USMS determined to make a discretionary release of information withheld under low (b)(2) in four of the 218 pages released to plaintiff. *Id. §§ 4-5.* The USMS continues to withhold other internal information pursuant to high (b)(2).

---

[3] The declaration also corrects a discrepancy in paragraphs 16 & 17 of the original declaration. *See* Bordley Decl. para. 2, 3, 10 & 11.

[4] The distinction between these two was discussed in the Court's February 14, 2008 opinion and is not repeated here. *Robinson*, 534 F.Supp.2d 80.

The material that the USMS continues to withhold under a "high" (b)(2) is described in the Supplemental Declaration and consists of:

1. The internal "intranet" website address to the Consolidated Asset Tracking System (CATS) information; and

2. An internal "intranet" website address to USMS policy directives, specifically dealing with USMS Directive 9.25 – Housing Prisoners in USMS Custody. Bordley Decl. ¶ 8-9.

The CATS database is restricted to DOJ components and other federal agencies participating in the Asset Forfeiture Program and can only be accessed by those with proper authority. *Id.* The second would direct an individual to a website clearly intended for internal agency use and to the repository of policy directives and databases which, if publically accessible could pose a security risk, possible circumvention of USMS policies dealing with housing, etc., and possibly providing unauthorized access to nonpublic information. *Id.* This is precisely the type of information the "high" (b)(2) exemption was designed to protect. *See, Robertson,* 534 F.Supp.2d at 80.

      ii. Segregability

The only remaining redactions in the documents released by the USMS are described in the agency declaration and consist of the internal "intranet" website addresses to the USMS internal policy directives and the CATS database. Bordley Decl. ¶ 9. As the

agency explains, there can be no further segregation of non-exemption material before the protected material itself is disclosed. *Id.* at ¶ 12.

### III. CONCLUSION

For the reasons presented above, in the accompanying declarations and exhibits, and the record as a whole, the Court should grant summary judgment as to the BOP and USMS and dismiss the case.

> Respectfully submitted,
>
> /s/
> JEFFREY A. TAYLOR, D.C. BAR # 498610
> United States Attorney
>
> /s/
> RUDOLPH CONTRERAS, D.C. BAR # 434122
> Assistant United States Attorney
>
> /s/
> MADELYN E. JOHNSON, DC Bar #292318
> Assistant United States Attorney
> U.S. Attorney's Office, Rm  E4114
> 555 4th Street, N.W.
> Washington, D.C.  20530
> *(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on April 23, 2008, plaintiff was served with a copy of the foregoing Motion for Enlargement of Time via first-class mail postage prepaid and addressed:

Russell Robinson
#04776-094
Metropolitan Detention Center
P.O. Box 2147
San Juan, PR   00922-2147

Pursuant to plaintiff's notice of address change filed June 14, 2007, a copy of the foregoing was also served via first-class mail postage prepaid and addressed:

Russell Robinson
SPC, C/O Post Office Box 302402
St. Thomas, USVI 00803

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL E.D. ROBINSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) Civil Action No. 06-2050 (EGS) |
| | ) |
| **ATTORNEY GENERAL** | ) |
|    **OF THE UNITED STATES, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |
| _____ | ) |

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Defendants, through the undersigned, pursuant to LCvR 7.1(h), submit the following statement of material facts as to which there is no genuine dispute that are relevant to the Defendants' Renewed Motion to Dismiss.

United States Marshals Service (USMS)

1. On October 14, 2005, plaintiff submitted a FOIA request to the USMS for certain records pertaining to himself, specifically: (1) his transport by the USMS during and after his trial in the Virgin Islands, and (2) the removal of Mr. Hector Rivera, Sr. by the USMS from the courtroom. *Robinson v. Attorney General of the United States, et al.*, 534 F.Supp.2d 72, 76 (D.D.C. 2008). Plaintiff also sought any and all reports, directives, orders, authorizations, etc. compiled by the USMS "Special Operations Group" that "authorized them to transport [plaintiff] in substandard aircraft", the conditions under which he was transported by armored vehicle and by United States Coast Guard

helicopter, and his detention in a holding cell at the federal courthouse. *Id.*

2. The USMS located 226 pages in response to plaintiff's request. Of the 226 pages located, four (4) pages were referred to the United States Bureau of Prisons (BOP), 218 pages were disclosed to plaintiff (109 pages in full, 109 pages with minimal deletions), and four (4) pages were withheld in their entirety pursuant to exemption (b)(7)(C). Supplemental Declaration of William E. Bordley ¶ 3, 10 &11.[1]

3. Pursuant to the Court's Order of February 14, 2008, the USMS re-examined the documents with respect to the application of exemption (b)(2). *Id.* at ¶ 4. As a result of that re-examination, the USMS determined to make a discretionary release of information that was previously withheld under the "low" (b)(2) exemption of the FOIA. *Id*. at 4.

4. By letter dated March 31, 2008, the USMS provided a supplemental response to plaintiff's request. The USMS informed plaintiff in this response that after re-examining the documents, the USMS had determined to make a discretionary release of information previously withheld from four (4) pages, which consists of, among other things, internal agency case numbers on photos (USMS mug shots) of plaintiff, and vehicle identification numbers on the Justice Prisoner Alien Transportation System (Subject Reports). (See Exhibit A). *Id.* ¶ 5.

---

[1] The original declaration contained an error with regard to the number of documents released in their entirety and those that were released in part among the total of 218 pages released to the plaintiff. The discrepancy is explained in the Supplemental Declaration of Mr. Bordley, as well as subsequent discretionary releases pursuant to the USMS's re-examination of the documents.

5. Exemption 2 allows an agency to withhold matter related solely to internal personnel rules and practices of the agency. 5 U.S.C. § 552 (b)(2). This exemption was applied to withhold an internal "intranet" website address to Consolidated Asset Tracking System (CATS) information. Use of this database is restricted to DOJ components and other federal agencies participating in the Asset Forfeiture Program, and can only be accessed by those with proper authority. Further, this exemption was applied to withhold an internal "intranet" website address to USMS policy directives. Disclosure of the website addresses would aid unauthorized entry into the CATS and policy directives databases posing a security risk and possibly providing unauthorized access to nonpublic information. As such, disclosure of this information could result in circumvention of the law. In addition, there is no legitimate public interest in disclosure of this purely internal information. Accordingly, exemption 2 was applied to withhold this information from disclosure. Bordley Supp. Decl. ¶ 8.

6. A description of the five (5) pages released to plaintiff with excisions pursuant to exemption 2 is provided as follows:

**Document(s) Disclosed with Information Deleted**

| Document Item | Document Identification | Number of Pages |
|---|---|---|
| Item 1 | USMS Directive 9.25 - Housing Prisoners in USMS Custody<br>(b)(2) - Internal "Intranet" Website Address to Policy Directives database | 2 |
| Item 2 | Party Details (Seized Assets) CATS Printout<br>(b)(2) - Internal "Intranet" Website Address to CATS database | 3 |

Bordley Supp. Decl. ¶ 9.

7. In summary, a total of 226 pages were located pertaining to plaintiff; four (4) pages were referred to the BOP; 111 pages were released entirely, 107 pages were released with minimal deletions pursuant to exemptions 2 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(2) and (b)(7)(C) (for a total of 218 released to plaintiff); and four (4) pages were withheld entirely pursuant to exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C). After re-examining the documents, the USMS made a discretionary release of information previously withheld from four (4) pages (two have been released entirely and two released with deletions pursuant to exemption 7(C). Bordley Supp. Decl. ¶ 11.

8. No reasonably segregable non-exempt portions of the redacted pages were withheld from plaintiff. Accordingly, all information withheld was exempt from disclosure pursuant a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material. All documents which relate to plaintiff's request were processed to achieve maximum disclosure consistent with the provisions of the FOIA. *Id.* ¶ 12.

## United States Border Patrol (BOP)

9. The Bureau of Prisons FOIA Office received a referral of 4 pages of documents from the United States Marshal Service (USMS) on April 27, 2006. The referral was logged in and assigned FOIA Request Number 2006-06110. *See* Declaration of Wilson J. Moorer (Moorer Decl.) ¶ 4 & Referral from United States Marshals Service to Federal

Bureau of Prisons dated April 25, 2006, a true and correct copy of which is attached there to as Exhibit A. The BOP Central Office notified Plaintiff that his FOIA request had been received and assigned a FOIA Request Number. Moorer Decl. ¶ 4 & Letter from Federal Bureau of Prisons to Russell Robinson dated May 9, 2006, a true and correct copy of which is attached there to as Exhibit B.

  10. The BOP Central Office responded to the referral from the USMS on July 12, 2006. The releasing and redacting of the 4 pages of referred documents was addressed in the following manner: 2 pages of documents were released in their entirety, 1 page was released with redactions pursuant to 5 U.S.C. §552(b)(7)(C), and the remaining 1 page of information, entitled Statement of Reasons, was made available to the Plaintiff at his current institution. The Plaintiff was instructed to contact a member of his Unit Team to gain access to the documents. Moorer Decl. ¶5 & Letter from Federal Bureau of Prisons to Russell E.D. Robinson, dated July 12, 2006, a true and correct copy of which is attached there to as Exhibit C.

  11. Exemption (b)(7)(C) provides for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy was used to excise one page of a law enforcement document which contained the name, register number, and location of an inmate being transferred to a BOP facility. Moorer Decl. ¶ 7 & United States Government Memorandum from Leslie Castro, Community Corrections Manager to U.S. Marshal Service, St. Thomas, Virgin Islands dated January 2, 2001, a true and correct

copy of which is attached there to as Exhibit D. As described above, no reasonably segregable non-exempt portions were withheld from Plaintiff. Accordingly, all redacted information was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material. Id.

                        Respectfully submitted,
                            /s/
                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                        United States Attorney
                            /s/
                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                        Assistant United States Attorney

                            /s/
                        MADELYN E. JOHNSON, DC Bar #292318
                        Assistant United States Attorney
                        U.S. Attorney's Office, Rm  E4114
                        555 4th Street, N.W.
                        Washington, D.C.  20530
                        *(202) 514-7135*