UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUSSELL E.D. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-2050 (EGS) |
| | ) | |
| ATTORNEY GENERAL | ) | |
| OF THE UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Defendants, by and through the undersigned, and pursuant to the Court's Order of February 14, 2008, file this renewed motion for summary judgment addressing the remaining issues in this case brought under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*

The Court is respectfully referred to the accompanying Statement of Material Facts as to which there is no genuine dispute; the Memorandum of Points and Authorities in Support,  Declaration of Wilson J. Moorer, and the Supplemental Declaration of William E. Bordley, in further support of this motion.  Defendants also incorporate by reference relevant portions of the record as a whole – and specifically defendants' prior motion.

WHEREFORE, the Court should dismiss the remaining claims against the

defendants.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUSSELL E.D. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-2050 (EGS) |
| | ) | |
| ATTORNEY GENERAL | ) | |
| OF THE UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to the District Court's Memorandum Opinion and Order dated

February 14, 2008, defendants file this Renewed Motion for Summary Judgment

regarding the two issues remaining in this case brought under the Freedom of Information

Act (FOIA), 5 U.S.C. § 552, *et sec*.  The Court directed defendants to address two

matters:  (1) to further explain the United States Marshals Service (USMS) reliance on

Exemption (b)(2) to withhold certain information and the segregability of the withheld

information; and (2) for the Bureau of Prisons (BOP) to address its processing and

response to plaintiff.  *See* Order dated February 14, 2008 (Dkt. # 33).  In all other

respects, the District Court's decision granted defendants' motion for summary judgment

and denied plaintiff's motion.  *See* Memorandum Opinion (Dkt ##32), *published at,*

*Robinson v. Attorney General*, 534 F.Supp.2d 72 (D.D.C. 2008).   .

Since on or about September 2005, through FOIA requests to relevant components of the Department of Justice, plaintiff sought various documents that he stated consisted of *Brady* exculpatory evidence, impeachment material, information regarding individuals plaintiff identified as confidential informants, and other such materials related to plaintiff's criminal trial and conviction. *See* Complaint at 1-2; *Robinson*, 534 F.Supp.2d at 76-78. From the USMS, plaintiff also sought documents regarding his transport by the USMS during and after his trial, as well as the removal of Mr. Hector Rivera, Sr. from the courtroom. *Id.* Dissatisfied with the responses plaintiff received to his FOIA requests, he initiated this civil action.

The Court has granted summary judgment to the Executive Office for U.S. Attorneys, the Federal Bureau of Investigation, and the Drug Enforcement Administration. The Court also upheld the adequacy of the USMS search and its invocation of Exemption (b)(7)(C) but concluded that further explanation was necessary to support its reliance on FOIA Exemption (b)(2) and to establish that no additional information could reasonably be segregated and released. Moreover, the Court observed that the defendants' motion failed to address the BOP's treatment of plaintiff's FOIA request. Accordingly, the Court denied, without prejudice, defendants motion with regard to these remaining issues and instructed defendants to address them in a renewed motion for summary judgment.

As demonstrated in the attached declarations and as discussed below, the Court should grant defendants' renewed motion for summary judgment. The fuller description of the information that the USMS withheld pursuant to Exemption (b)(2) demonstrates that the exemption was properly applied. The USMS has also explained why it would be impracticable to further segregate any information for release. The BOP's role with regard to plaintiff's requests consisted of processing the referral of four pages from the USMS. The disposition of the referral is described in the declaration of Wilson J. Moorer (Moorer Decl.). Moreover, the assertion of exemptions to withhold limited information pursuant to Exemption (b)(7)(C) was proper. Accordingly, for the reasons set herein, the Court should grant this renewed motion for summary judgment. Defendants also incorporate relevant portions of their original motion for summary judgment and exhibits thereto.

## I. STANDARD OF REVIEW

The standard of review for summary judgment motions in FOIA cases is well-established and set forth in the Court's February 14, 2008 decision. As the Court observed, the moving party bears the burden of demonstrating the absence of any genuine issue of material fact. *Id.* at 78; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To obtain summary judgment in a FOIA action, the agency must demonstrate that there is no genuine issue of material fact with regard to its compliance with the FOIA and it may do so through affidavits or declarations that describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within

the claimed exemption, and that are not controverted by either contrary evidence in the record or by evidence of agency bad faith. *See* Memorandum Opinion at 5, and cases cited.

Here, both the USMS and the BOP satisfy that standard.

## II. DISCUSSION

### A. Bureau of Prisons

With regard to the plaintiff's FOIA requests at issue in this case, the BOP's involvement stems from the referral to it from the USMS of four documents. The BOP FOIA Office received the referral of 4 pages of documents from the USMS on April 27, 2006. *See Declaration of Wilson J. Moorer (Moorer Decl.) § 4; Exh. A, thereto*. The referral was logged and assigned FOIA request Number 2006-06110, and the BOP Central Office notified plaintiff that his FOIA request had been received and assigned a FOIA Request Number. *See id.; Exh. B, thereto*. By letter dated July 12, 2006, the BOP responded to plaintiff's FOIA request as follows: 2 pages of the referred documents were released in their entirety, 1 page was released with redactions pursuant to FOIA Exemption (b)(7)(C), and the remaining 1 page of information, entitled Statement of Reasons (a document from the court memorializing its reasons for determining not to depart from the sentence called for by application of the guidelines), was made available to

plaintiff at his current institution. *Moorer Decl. at ¶ 5.*[1]  Plaintiff was instructed to contact

a member of his Unit Team to gain access to that document. *Id.*[2]

      Exemption (b)(7)(C) was correctly applied to the one line of text withheld from

plaintiff – and this is all that was withheld.  The redacted document is a memorandum

dated January 2, 2001, from the BOP to the USMS listing two individuals and the federal

institutions to which they have been designated.  One of the listed individuals is plaintiff.

The other individual's name, identifying BOP number, and the institution to which that

individual was to go have been deleted pursuant to Exemption (b)(7)(C).  *See* Moorer

Decl. ¶ 7.  Exemption (7)(C) of the FOIA protects from mandatory disclosure information

compiled for law enforcement purposes when disclosure "could reasonably be expected to

constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  "[T]he

term 'law enforcement purpose' is not limited to criminal investigations but can also

include civil investigations . . . ."  *Mittleman v. Office of Personnel Management*, 76 F.3d

1240, 1243 (D.C. Cir. 1996), citing *Pratt v. Webster*, 673 F.2d 408, 420 n.32 (D.C. Cir.

1982).  When, however, a criminal law enforcement agency invokes Exemption 7, it

"warrants greater deference than do like claims by other agencies."  *Keys v. U.S. Dep't of*

---

   [1]  Release of presentence reports in this manner comports with the requirements of the
FOIA.  *See Martinez f. Bureau of Prisons*, 444 F.3d 620 (D.C. Cir. 2006).

   [2]  Exhibit D consists of the four referred documents as released to plaintiff.  Because one
of the documents is a medical record and the other is part of a pre-sentence report, and out of an
abundance of caution, defendants intend to file copies of the referred documents with the Court
*in camera* or under seal as the Court may direct.  Defendants will file a motion to that end.

-5-

*Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987), citing *Pratt*, 673 F.2d at 418.  A criminal law

enforcement agency must simply show that "the nexus between the agency's activity . . .

and its law enforcement duties" is "'based on information sufficient to support at least "a

colorable claim" of its rationality.'"  *Keys*, 830 F.2d at 340, quoting *Pratt*, 673 F.2d at 421.

Here, the document relates to the BOP's transfer of individuals in its custody.  BOP has

long been recognized as a law enforcement agency.  *See, e.g., Butler v. Federal Bureau of*

*Prisons*, 2005 WL 3274573, at *3 (D.D.C. 2005)(finding BOP is a law enforcement

agency).  Likewise, its responsibilities to preserve the security and orderly management of

its institutions and to protect the public both satisfy the exemption's law enforcement

requirement.  *See, e.g., Pendergrass v. Department of Justice*, 2005 WL 1378724, at *4

(D.D.C. 2005).  The BOP list of names and institutions to which each is being transferred

falls comfortably within that arena as on its face, it demonstrates that its purpose is to keep

track of the movements of incarcerated persons and ensure that they are transferred to the

correct federal facility.  *See* Exhibit D.

　　　　With regard to the specific information withheld – the identity and destination of a

prisoner – courts have consistently held that Exemption (b)(7)(C) protects the identities of

individuals mentioned in law enforcement records, such as suspects, confidential

informants, and other persons of investigatory interest.  *Reporters Committee*, 489 U.S. at

780; *Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897,

904 (D.C. Cir. 1996) (noting "'strong interest of individuals, whether they be suspects,

-6-

witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity'", quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990)). Indeed, an agency may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. *Reporters Committee*, 489 U.S. at 780; *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); *SafeCard Services*, 926 F.2d at 1206. Here, of course, the individual mentioned in the BOP memorandum is not a witness or informant but is a prisoner. Still, even convicted individuals maintain a privacy interest in public disclosure of their names and place of incarceration. Moreover, before release, the privacy interest protected by Exemption (b)(7)(C) must be weighed against the magnitude of any recognized public interest that would be served by disclosure.

Here, the privacy interest is undiluted when balanced against the nonexistent public interest in disclosure in this case; indeed, the name and destination of the third-party are not even responsive to plaintiff's request, which concerns plaintiff's own conviction, much less revealing of any topic of public interest that would be served by disclosure. *Cf., e.g., Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002) (finding that plaintiff's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest");[2] *Taylor v. U.S. Dep't of Justice*, 257 F. Supp. 2d

---

[2] *vacated & remanded*, 541 U.S. 970, *on remand*, 378 F.3d 1115 (D.C. Cir.) (reaffirming prior decision), *reh'g denied*, 386 F.3d 273 (D.C. Cir. 2004), *cert. denied*, 544 U.S. 983 (2005).

101, 110 (D.D.C. 2003) (finding no public interest in disclosure of third-party information that requester asserted might assist him in challenging his conviction).

Finally, plaintiff does not appear to be interested in this type of material in any event. *See Robinson v. Attorney General, et al.*, 534 F.Supp.2d at 82. Accordingly, the Court should grant defendants summary judgment as to all claims against the BOP.

B. <u>United States Marshals Service</u>

The Court directed the USMS to address two issues with regard to its response to plaintiff's FOIA request: first, a fuller explanation of the USMS assertion of Exemption (b)(2); and, second, segregability. *See, Robinson*, 534 F.Supp.2d at 80, 84. The Supplemental Declaration of William E. Bordley addressed both.[3]

i. Exemption (b)(2)

Pursuant to the Court's opinion, the USMS re-examined the documents with respect to the application of Exemption (b)(2). Initially, the exemption was applied to information withheld under both the "high" (b)(2) and the "low" (b)(2). Bordley Decl. at § 4.[4] After review, however, the USMS determined to make a discretionary release of information withheld under low (b)(2) in four of the 218 pages released to plaintiff. *Id. §§ 4-5.* The USMS continues to withhold other internal information pursuant to high (b)(2).

---

[3] The declaration also corrects a discrepancy in paragraphs 16 & 17 of the original declaration. *See* Bordley Decl. para. 2, 3, 10 & 11.

[4] The distinction between these two was discussed in the Court's February 14, 2008 opinion and is not repeated here. *Robinson*, 534 F.Supp.2d 80.

-8-

The material that the USMS continues to withhold under a "high" (b)(2) is described in the Supplemental Declaration and consists of:

1.   The internal "intranet" website address to the Consolidated Asset Tracking System (CATS) information; and

2.   An internal "intranet" website address to USMS policy directives, specifically dealing with USMS Directive 9.25 – Housing Prisoners in USMS Custody. Bordley Decl. ¶ 8-9.

The CATS database is restricted to DOJ components and other federal agencies participating in the Asset Forfeiture Program and can only be accessed by those with proper authority.  *Id.*  The second would direct an individual to a website clearly intended for internal agency use and to the repository of policy directives and databases which, if publically accessible could pose a security risk, possible circumvention of USMS policies dealing with housing, etc., and possibly providing unauthorized access to nonpublic information.  *Id.*  This is precisely the type of information the "high" (b)(2) exemption was designed to protect.  *See, Robertson,* 534 F.Supp.2d at 80.

ii.  Segregability

The only remaining redactions in the documents released by the USMS are described in the agency declaration and consist of the internal "intranet" website addresses to the USMS internal policy directives and the CATS database.  Bordley Decl. ¶ 9.  As the

agency explains, there can be no further segregation of non-exemption material before the

protected material itself is disclosed. *Id.* at ¶ 12.

### III.  <u>CONCLUSION</u>

For the reasons presented above, in the accompanying declarations and exhibits,

and the record as a whole, the Court should grant summary judgment as to the BOP and

USMS and dismiss the case.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney
/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on May 27, 2008, plaintiff was served with a copy of the foregoing

Motion for Enlargement of Time via first-class mail postage prepaid and addressed:

Russell Robinson
#04776-094
FEDERAL CORRECTIONAL INSTITUTE
P.O. Box 779800
Miami, FL 33177

Pursuant to plaintiff's notice of address change filed June 14, 2007, a copy of the

foregoing was also served via first-class mail postage prepaid and addressed:

Russell Robinson
SPC, C/O Post Office Box 302402
St. Thomas, USVI 00803


_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135

-11-

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RUSSELL E.D. ROBINSON,       )
                                 )
       Plaintiff,            )
                                 )
       v.                   )    Civil Action No.  06-2050 (EGS)
                                 )
ATTORNEY GENERAL        )
   OF THE UNITED STATES, et al.,   )
                                 )
       Defendants.         )
_____)

## DEFENDANTS' STATEMENT
## OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Defendants, through the undersigned, pursuant to LCvR 7.1(h), submit the

following statement of material facts as to which there is no genuine dispute that are

relevant to the Defendants' Renewed Motion to Dismiss.

### United States Marshals Service (USMS)

1.  On October 14, 2005, plaintiff submitted a FOIA request to the USMS for

certain records pertaining to himself, specifically: (1) his transport by the USMS during

and after his trial in the Virgin Islands, and (2) the removal of Mr. Hector Rivera, Sr. by

the USMS from the courtroom.  *Robinson v.  Attorney General of the United States, et al.*,

534 F.Supp.2d 72, 76 (D.D.C. 2008).   Plaintiff also sought any and all reports, directives,

orders, authorizations, etc. compiled by the USMS "Special Operations Group" that

"authorized them to transport [plaintiff] in substandard aircraft", the conditions under

which he was transported by armored vehicle and by United States Coast Guard

helicopter, and his detention in a holding cell at the federal courthouse. *Id.*

2. The USMS located 226 pages in response to plaintiff's request. Of the 226 pages located, four (4) pages were referred to the United States Bureau of Prisons (BOP), 218 pages were disclosed to plaintiff (109 pages in full, 109 pages with minimal deletions), and four (4) pages were withheld in their entirety pursuant to exemption (b)(7)(C). Supplemental Declaration of William E. Bordley ¶ 3, 10 & 11.[1]

3. Pursuant to the Court's Order of February 14, 2008, the USMS re-examined the documents with respect to the application of exemption (b)(2). *Id.* at ¶ 4. As a result of that re-examination, the USMS determined to make a discretionary release of information that was previously withheld under the "low" (b)(2) exemption of the FOIA. *Id.* at 4.

4. By letter dated March 31, 2008, the USMS provided a supplemental response to plaintiff's request. The USMS informed plaintiff in this response that after re-examining the documents, the USMS had determined to make a discretionary release of information previously withheld from four (4) pages, which consists of, among other things, internal agency case numbers on photos (USMS mug shots) of plaintiff, and vehicle identification numbers on the Justice Prisoner Alien Transportation System (Subject Reports). (See Exhibit A). *Id.* ¶ 5.

---

[1] The original declaration contained an error with regard to the number of documents released in their entirety and those that were released in part among the total of 218 pages released to the plaintiff. The discrepancy is explained in the Supplemental Declaration of Mr. Bordley, as well as subsequent discretionary releases pursuant to the USMS's re-examination of the documents.

5.  Exemption 2 allows an agency to withhold matter related solely to internal personnel rules and practices of the agency. 5 U.S.C. § 552 (b)(2).  This exemption was applied  to withhold an internal "intranet" website address to Consolidated Asset Tracking System (CATS) information.  Use of this database is restricted to DOJ components and other federal agencies participating in the Asset Forfeiture Program, and can only be accessed by those with proper authority.  Further, this exemption was applied to withhold an internal "intranet" website address to USMS policy directives.  Disclosure of the website addresses would aid unauthorized entry into the CATS and policy directives databases posing a security risk and possibly providing unauthorized access to nonpublic information.  As such, disclosure of this information could result in circumvention of the law.  In addition, there is no legitimate public interest in disclosure of this purely internal information.  Accordingly, exemption 2 was applied to withhold this information from disclosure.  Bordley Supp. Decl. ¶ 8.

6.  A description of the five (5) pages released to plaintiff with excisions pursuant to exemption 2 is provided as follows:

**Document(s) Disclosed with Information Deleted**

| Document Item | Document Identification | Number of Pages |
|---|---|---|
| Item 1 | USMS Directive 9.25 - Housing Prisoners in USMS Custody<br>(b)(2) - Internal "Intranet" Website Address to Policy Directives database | 2 |
| Item 2 | Party Details (Seized Assets) CATS Printout<br>(b)(2) - Internal "Intranet" Website Address to CATS database | 3 |

Bordley Supp. Decl. ¶ 9.

7.  In summary, a total of 226 pages were located pertaining to plaintiff; four (4) pages were referred to the BOP; 111 pages were released entirely, 107 pages were released with minimal deletions pursuant to exemptions 2 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(2) and (b)(7)(C) (for a total of 218 released to plaintiff); and four (4) pages were withheld entirely pursuant to exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C). After re-examining the documents, the USMS made a discretionary release of information previously withheld from four (4) pages (two have been released entirely and two released with deletions pursuant to exemption 7(C).  Bordley Supp. Decl. ¶ 11.

8.  No reasonably segregable non-exempt portions of the redacted pages were withheld from plaintiff.  Accordingly, all information withheld was exempt from disclosure pursuant a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material.  All documents which relate to plaintiff's request were processed to achieve maximum disclosure consistent with the provisions of the FOIA.  *Id.* ¶ 12.

## United States Border Patrol (BOP)

9.  The Bureau of Prisons FOIA Office received a referral of 4 pages of documents from the United States Marshal Service (USMS) on April 27, 2006.  The referral was logged in and assigned FOIA Request Number 2006-06110.  *See* Declaration of Wilson J. Moorer (Moorer Decl.) ¶ 4 & Referral from United States Marshals Service to Federal

Bureau of Prisons dated April 25, 2006, a true and correct copy of which is attached there

to as Exhibit B.  The BOP Central Office notified Plaintiff that his FOIA request had

been received and assigned a FOIA Request Number.   Moorer Decl. ¶ 4 &  Letter from

Federal Bureau of Prisons to Russell Robinson dated May 9, 2006.

     10.  The BOP Central Office responded to the referral from the USMS on July 12,

2006.  The releasing and redacting of the 4 pages of referred documents was addressed in

the following manner: 2 pages of documents were released in their entirety, 1 page was

released with redactions pursuant to 5 U.S.C. §552(b)(7)(C), and the remaining 1 page of

information, entitled Statement of Reasons, was made available to the Plaintiff at his

current institution.  The Plaintiff was instructed to contact a member of his Unit Team to

gain access to the documents.  Moorer Decl. ¶5 & Letter from Federal Bureau of Prisons

to Russell E.D. Robinson, dated July 12, 2006.

     11.  Exemption (b)(7)(C) provides for the withholding of records or information

compiled for law enforcement purposes which could reasonably be expected to constitute

an unwarranted invasion of personal privacy was used to excise one page of a law

enforcement document which contained the name, register number, and location of an

inmate being transferred to a BOP facility.  Moorer Decl. ¶ 7 &  United States

Government Memorandum from Leslie Castro, Community Corrections Manager to U.S.

Marshal Service, St. Thomas, Virgin Islands dated January 2, 2001.  As described above,

no reasonably segregable non-exempt portions were withheld from Plaintiff.

Accordingly, all redacted information was exempt from disclosure pursuant to a FOIA

exemption or was not reasonably segregable because it was so intertwined with protected

material that segregation was not possible or its release would have revealed the

underlying protected material.  Id.

Respectfully submitted,
    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney
    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


    /s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm  E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL E.D. ROBINSON,                          )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )    Case No. 06-2050 (EGS)
                                                )
ATTORNEY GENERAL OF THE UNITED STATES,          )
                                                )
            Defendant.                          )
                                                )

## SUPPLEMENTAL DECLARATION

I, William E. Bordley, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Associate General Counsel and Freedom of Information/Privacy Act Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

2. In accordance with the court's opinion of February 14, 2008, this USMS Declaration supplements the June 5, 2007 Declaration of William E. Bordley, in that it addresses the issue of the applicability of exemption 2 to certain information withheld by the USMS, and the issue of segregability. This Declaration also explains a discrepancy in paragraphs 16 and 17 of the USMS June 5, 2007 Declaration with regard to the number of pages released to plaintiff.

3. The USMS located 226 pages in response to plaintiff's FOIA/PA request. Of the 226 pages located, four (4) pages were referred to the Bureau of Prisons (BOP), 218 pages were disclosed to plaintiff, and four (4) pages were withheld in their entirety pursuant to exemption 7(C).

4. Pursuant to the court's opinion, the USMS re-examined the documents with respect to the applicability of exemption 2. Exemption 2 allows an agency to withhold matter related solely to internal personnel rules and practices of the agency, 5 U.S.C. § 552(b)(2). This exemption covers two separate categories of information: (a) internal matters of a trivial nature (low 2), and (b) substantial internal matters, which (if released) would risk circumvention of the law (high 2). When the USMS conducted its initial review of the records, it determined that information fell within low 2 and high 2 of exemption 2. Thus, exemption 2 was applied to withhold information under both categories. However, in light of the court's order, and due to the nature of the withheld information, the USMS determined to make a discretionary release of information that was previously withheld under low 2, in four (4) of the 218 pages previously released to plaintiff.

5. By letter dated March 31, 2008, the USMS provided a supplemental response to plaintiff's request. The USMS informed plaintiff in this response that after re-examining the documents, the USMS had determined to make a discretionary release of information previously withheld from four (4) pages, which consists of, among other things, internal agency case numbers on photos (USMS mug shots) of plaintiff, and vehicle identification numbers on the Justice Prisoner Alien Transportation System (Subject Reports). (See Exhibit A).

2

6. As explained further, herein, the USMS continues to rely on exemption 2 to withhold other internal information, the disclosure of which could risk circumvention of the law.

7. The USMS also re-examined the documents to determine if any previously withheld information could be reasonably segregated and disclosed to plaintiff. The USMS determined that no additional information could be segregated and released to plaintiff without disclosing information that could reasonably be expected to constitute an unwarranted invasion of privacy, such as names, addresses, telephone numbers, registration numbers, dates of birth, social security numbers, and other information pertaining to USMS/government employees (law enforcement officers) and/or third-party individuals.

**EXEMPTION 2**

8. Exemption 2 allows an agency to withhold matter related solely to internal personnel rules and practices of the agency. 5 U.S.C. § 552 (b)(2). This exemption was applied to withhold an internal "intranet" website address to Consolidated Asset Tracking System (CATS) information. Use of this database is restricted to DOJ components and other federal agencies participating in the Asset Forfeiture Program, and can only be accessed by those with proper authority. Further, this exemption was applied to withhold an internal "intranet" website address to USMS policy directives. Disclosure of the website addresses would aid unauthorized entry into the CATS and policy directives databases posing a security risk and possibly providing unauthorized access to nonpublic information. As such, disclosure of this information could result in circumvention of the law. In addition, there is no legitimate public interest in disclosure of this purely internal information. Accordingly, exemption 2 (high) was applied to withhold this information from disclosure.

3

9. A description of the five (5) pages released to plaintiff with excisions pursuant to exemption 2 is provided as follows:

## Document(s) Disclosed with Information Deleted

| Document Item | Document Identification | Number of Pages |
|---|---|---|
| Item 1 | USMS Directive 9.25 - Housing Prisoners in USMS Custody<br>(b)(2) - Internal "Intranet" Website Address to Policy Directives database | 2 |
| Item 2 | Party Details (Seized Assets) CATS Printout<br>(b)(2) - Internal "Intranet" Website Address to CATS database | 3 |

10. In the USMS June 5, 2007 Declaration at paragraph 16, a description of the number of pages released to plaintiff with excisions is provided. It states, in part, that "119 pages were released with excisions." Also in that declaration, paragraph 17 provides a summary of the number of pages released in full and the number of pages released with minimal deletions (excisions). It states, in part, that "99 pages were released in full to plaintiff and 119 pages were released with minimal deletions." Ten pages released in full to plaintiff were erroneously included in the page count of excised pages. Thus, the actual disclosure to plaintiff by letter dated May 19, 2005 was 109 pages released in full and 109 pages released with minimal deletions, for a total of 218 pages released to plaintiff. The USMS apologizes for this oversight in its June 5, 2007 Declaration. By letter dated March 31, 2008, after re-examining the documents, the USMS made an additional discretionary release of information previously

withheld from four (4) pages of the 218 released. Two more pages have now been released entirely, and the other two remain partially released, but with fewer deletions, pursuant to exemption 7(C)).

11. In summary, as matters finally stand, a total of 226 pages were located pertaining to plaintiff; four (4) pages were referred to the BOP; 111 pages were released entirely, 107 pages were released with minimal deletions pursuant to exemptions 2 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(2) and (b)(7)(C) (for a total of 218 released to plaintiff); and four (4) pages were withheld entirely pursuant to exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C).

12. No reasonably segregable non-exempt portions of the redacted pages were withheld from plaintiff. Accordingly, all information withheld was exempt from disclosure pursuant a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material. All documents which relate to plaintiff's request were processed to achieve maximum disclosure consistent with the provisions of the FOIA.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my information and belief.


WILLIAM E. BORDLEY
ASSOCIATE GENERAL COUNSEL/FOIPA OFFICER

Dated: March 31, 2008

5

**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

─────────────────────────────────────────────

*Washington, DC 20530-1000*

March 31, 2008

Mr. Russell E.D. Robinson
Reg. No. 04776-094, 2C
Metropolitan Detention Center
P.O. Box 2147
San Juan, Puerto Rico 00922-2147

     RE:    Freedom of Information/Privacy Act Request No. 2006USMS8872

Dear Mr. Robinson:

     The United States Marshals Service (USMS) is making a supplemental response to your request for documents pertaining to you.

     By letter dated May 19, 2006, the USMS informed you that 226 pages of documents were located in response to your request. Of these documents, four (4) pages were referred to the Bureau of Prisons (BOP) for a disclosure determination and direct response to you; 218 pages were released to you, except for internal information and names, addresses, telephone numbers, and other information pertaining to government employees and/or third-party individuals, exempt from disclosure pursuant to exemptions 2 and 7(C) of the Freedom of Information Act FOIA), 5 U.S.C. § 552(b)(2), and (b)(7)(C). Four (4) pages were withheld entirely pursuant to exemption 7(C).

     The USMS has re-examined the documents and has determined to make a discretionary release of information previously withheld from four (4) pages that were among the 218 pages previously released to you. The USMS is now releasing, among other things, the internal agency case numbers reflected on photos (USMS mug shots) of you, and vehicle identification numbers reflected on the Justice Prisoner Alien Transportation System (JPATS) Reports. The mug shots are being released to you in their entirety, and the JPATS Reports are being released, except for names and telephone numbers of government employees (law enforcement officers) and/or third-party individuals referenced therein, which are exempt from disclosure pursuant to exemption 7(C) of the of the Freedom of Information Act, 5 U.S.C. 552(b). A copy of these four pages are enclosed.

EXHIBIT A

Mr. Russell E.D. Robinson
Page Two

Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Appeal procedures are not provided herewith inasmuch as this matter is already in litigation.

Sincerely,

William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosures

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL E.D. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No.: 06-2050 (EGS) |
| | ) |
| ATTORNEY GENERAL OF THE | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF WILSON J. MOORER

I, Wilson J. Moorer, do hereby declare and state the following:

1. I am currently a Paralegal Specialist at the Federal Bureau of Prisons, Office of General Counsel, Freedom of Information Act Section, Washington, D.C. I have been employed in this position since April 2003; however, I have been employed with the Bureau of Prisons since July of 1988. My duties include assisting the Chief, Freedom of Information Act/Privacy Act Section and Freedom of Information Administrator in the review and possible release of information requested from the Bureau of Prisons via the Freedom of Information Act.

2. The Freedom of Information Act, commonly referred to as FOIA, is a statute governing the release of government records. In general, FOIA provides that any person has a right, enforceable in court, to obtain access to federal agency records, except to the extent that such records (or portions of them) are protected from public disclosure by one of nine exemptions or by one of three (3) special law enforcement record exclusions.

1

3. On or about February 29, 2008, the Bureau of Prisons was made aware of the above titled civil action and a request was made to supply this declaration in support of the motion being submitted by the United States Attorney Office. This declaration will detail information regarding the referral of four (4) pages of documents from the U.S. Department of Justice, United States Marshals Service, Office of General Counsel, Washington, DC.

4. The Bureau of Prisons FOIA Office received a referral of 4 pages of documents from the United States Marshal Service (USMS) on April 27, 2006. The referral was logged in and assigned FOIA Request Number 2006-06110. See Referral from United States Marshals Service to Federal Bureau of Prisons dated April 25, 2006, a true and correct copy of which is attached here to as Exhibit A. The BOP Central Office notified Plaintiff that his FOIA request had been received and assigned a FOIA Request Number. See Letter from Federal Bureau of Prisons to Russell Robinson dated May 9, 2006, a true and correct copy of which is attached here to as Exhibit B.

5. The BOP Central Office responded to the referral from the USMS on July 12, 2006. The releasing and redacting of the 4 pages of referred documents was addressed in the following manner: 2 pages of documents were released in their entirety, 1 page was released with redactions pursuant to 5 U.S.C. §552(b)(7)(C), and the remaining 1 page of information, entitled Statement of Reasons, was made available to the Plaintiff at his current institution. The Plaintiff was instructed to contact a member of his Unit Team to gain access to the documents. See Letter from Federal Bureau of Prisons to Russell E.D. Robinson, dated July 12, 2006, a true and correct copy of which is attached here to as Exhibit C..

2

6. Copies of the redacted documents, on their face, contain exemptions which detail the nature of the information withheld pursuant to the provisions of the FOIA. A more detailed description of the information withheld could identify the protected material. As described below, no reasonably segregable non-exempt portions were withheld from plaintiff. Accordingly, all information withheld was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying protected material. All documents which relate to plaintiff's requests were processed to achieve maximum disclosure consistent with the provisions of the FOIA.

7. Exemption (b)(7)(C) provides for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy was used to excise one page of a law enforcement document which contained the name, register number, and location of an inmate being transferred to a BOP facility. See United States Government Memorandum from Leslie Castro, Community Corrections Manager to U.S. Marshal Service, St. Thomas, Virgin Islands dated January 2, 2001, a true and correct copy of which is attached here to as Exhibit D.

8. As described above, no reasonably segregable non-exempt portions were withheld from Plaintiff. Accordingly, all redacted information was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would have revealed the underlying

3

protected material.  All documents which relate to plaintiff's requests were processed to achieve

maximum disclosure consistent with the provisions of the FOIA.


I declare under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, the foregoing is

true and correct to the best of my information, knowledge and belief.


Executed this __19__ day of March 2008, at Washington, D.C.

Wilson J. Moore
Paralegal Specialist
Federal Bureau of Prisons
Washington, D.C.

4

**EXHIBIT**

**A**



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

RECEIVED

_____

PRIVACY ACT    *Washington, DC 20530-1000*
FEDERAL BUREAU OF PRISONS

April 25, 2006

06-00110

MEMORANDUM TO:      Wanda M. Hunt, Chief, FOI/PA Section
                             FOIA/Privacy Act Requests
                             Federal Bureau of Prisons
                             Department of Justice
                             Room 841, HOLC Building
                             Washington, D.C. 20534

FROM:            *Aleta D. Cunningham*
                             *for* William E. Bordley
                             Associate General Counsel/FOI/PA Officer
                             Office of General Counsel

SUBJECT:       FOI/PA Request No. 2006USMS8872
                             Requester:  Russell E.D. Robinson

       In searching our files with respect to the above request, we located four pages of documents which originated with or is of interest to your agency. Pursuant to 28 C.F.R. § 16.4(c)(2), these documents are being referred to your office for action and direct response to the requester. Please provide this office with a copy of your response letter to the requester.

       A copy of the responsive documents and the request is attached. If you have any questions, please contact Arleta D. Cunningham on (202) 307-9052.

Attachments

**EXHIBIT**

**B**



**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

*Federal Bureau of Prisons*
*FOIA/PA Office*
*320 First Street, NW*
*Washington, DC 20534*

May 9, 2006

Russell Robinson
MDC Guaynabo
San Juan, PR

Re: FOIA/PA Request Number 2006-06110

Dear Requester:

The Federal Bureau of Prisons is in receipt of your Freedom of Information Act/Privacy Act request. It has been assigned a number which you will find above. Please make a note of it as you will need to include it in any correspondence or inquiry regarding your request.

Due to the large number of requests received by the Bureau of Prisons for disclosure of records pursuant to the Freedom of Information and Privacy Acts, and due to the limited resources available to process such requests, the Bureau of Prisons has adopted a first-in/first-out practice of processing all incoming requests.

Your request has been placed in chronological order based on the date of receipt and will be handled as expeditiously as possible when it is assigned for processing. While most request can be processed within 20 working days, exceptions may exist.

Unless you indicated otherwise, by submission of your request, you have agreed to pay fees up to $25.00, as stated in 28 C.F.R. 16.3(c). Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate that your fees will be in excess of $25.00, we will notify you of the estimated amount. At that time, you will have the option of modifying your requests to reduce fees.

If you have questions regarding the status of your request, you may contact the Bureau of Prisons FOIA Service Center at 202-616-7750.

á

**EXHIBIT**

**C**



U.S. Department of Justice

Federal Bureau of Prisons

JUL 1 2 2006

Washington, DC 20534

Russell E.D. Robinson
Register Number 04776-094
Metropolitan Detention Center
P.O. Box 2147
San Juan, P.R.  00922-2147

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 841, HOLC Building
Washington, D.C. 20534
Attn: FOI/Privacy Office

RE:  Request for Information, FOIA Request No. 2006-06110

Dear Mr. Robinson:

    Pursuant to your recent Freedom of Information Act (FOIA) request to the United States Marshals Service (USMS), four (4) pages of information that originated with the Bureau of Prisons were referred to this agency for processing and direct response to you.

    After a careful review, it has been determined the 4 pages of information will be released and redacted in the following manner:

1.    2 pages are releasable to you in their entirety;

2.    1 page is being redacted pursuant to 5 U.S.C. §552(b)(7)(C); and

3.    1 page of information, entitled Statement of Reasons, is available to you at your current institution.  You may contact a member of your Unit Team to gain access to the document.

    Exemption (b)(7)(C) provide for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

    Pursuant to 28 C.F.R. §16.9, this denial may be appealed to the Attorney General by filing a written appeal within sixty days of the receipt of this letter.  The appeal should be addressed to the **Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001.**

Page 2
Russell E.D. Robinson
FOIA Request Number 2006-06110

Both the envelope and the letter of appeal itself must be clearly
marked:  **"Freedom of Information Act Appeal.**

    We trust this information is of assistance to you.  If you
have any questions or concerns please contact Wilson J. Moorer,
Paralegal.

                              Sincerely,

                              Wanda M. Hunt
                              Chief, FOIA/PA Section


Enclosures: 3 pages

cc:  File

**EXHIBIT**

**D**

02-2001  14:00     BOP CCM MIAMI FL                                        BOP



## UNITED STATES GOVERNMENT

## MEMORANDUM

*Community Corrections Office*
*401 North Miami Avenue*
*Miami, Florida 33128*
*Telephone: 305-536-5705*
*Fax:      305-536-4024*

**DATE:**        January 2, 2001

**REPLY TO**
**ATTN OF:**     Leslie Castro, Community Corrections Manager

**SUBJECT:**     Designations

**TO:**          U. S. Marshal Service
                 St. Thomas, Virgin Islands

The following individuals have been designated to the institutions
indicated:

(b) (7) c
(b)(7)c

04776-094   Robinson, Russell          FCI-Jesup, GA. (FSL)  
                                        v/s date unknown

* Denotes inmates currently housed at MDC-Guaynabo, PR.

Thank you.

TOTAL P.01